MEYER MEIEROVITZ *vs.* GEORGE A. FULLER COMPANY *et al.*

JUNE 17, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Baker, J. This is an employee's petition under the workmen's compensation act, general laws 1938, chapter 300, against his joint employers for the review of an agreement for compensation. It is before this court on the petitioner's appeal from a decree entered in the superior court granting him relief in part, and on his further petition that he be allowed to amend such agreement and also his petition for review.

The evidence shows that the petitioner, a structural iron worker, suffered an injury on September 28, 1942 arising out of and in the course of his employment. At that time a plank on a scaffold twisted and he dropped about twenty-five feet to a cement floor, landed on his left heel, and then fell striking his back and arms. A heavy tool which he had been holding hit his mouth and broke two teeth. He received medical attention and upon examination it was

found that he had broken a bone in his heel. A cast was applied and he was apparently successfully treated for this injury.

On November 4, 1942 petitioner and his employers signed a preliminary agreement for compensation which provided that he be paid the sum of $20 per week from October 4, 1942 for the duration of his total incapacity. This agreement, which was approved by the director of labor November 19, 1942, described the nature and location of the injury merely as "Fractured left heel." The petitioner returned to work with the respondents on December 10, 1942 at his regular hourly wage. However, he did not then carry out the usual duties of a structural iron worker but did work of a lighter nature. On January 15, 1943 he and the respondents executed a compensation agreement and settlement receipt which was approved by the director of labor February 4, 1943. In this instrument the petitioner acknowledged the receipt of $190 in settlement of all claims to date for compensation, subject to review as provided by law, because of the injuries suffered by him on September 28, 1942.

Between December 1942 and May 1943 he did light work off and on as it was available and in the latter month he was inducted into the army, being assigned to the engineers as a clerk in an intelligence unit. In March 1944 he went overseas where he remained until September 1945 and was honorably discharged October 26 of that year. Thereafter he acted as a chauffeur for several months, subsequently went to New York University for a short time, and then, having previously had a real estate and insurance business, he was placed in a real estate office in Brooklyn, New York, for further study, which position he was occupying when the instant petition was heard in the superior court.

That petition was made out on a form provided by the department of labor, was signed by the petitioner, and was filed in the office of the director of labor November 9, 1945. In the petition check marks appear against the head-

ings entitled "Review of Incapacity" and "Reasonable Fees" and also the statement "Agreement approved by Director of Labor." In the body of the instrument the petitioner asked the director of labor to hear and consider the questions of "my decreased earning capacity" and "my medical (dental) fee." He also stated therein that the dispute between the parties was "I am unable to follow my regular employment due to the injury." After the cause reached the superior court and was heard therein the decree appealed from was entered. It contained, among others, the following finding, the correctness of which the petitioner is now contesting: "5. That the petitioner has not shown that any alleged injury to the low back has resulted from the said injury to the left heel."

In general it is petitioner's contention that the evidence showed that the fall of September 28, 1942 injured his lower back as well as fractured a bone in his left heel; that the injury to the lumbar portion of his back resulted from and was connected with the injury to his left heel; and that in any event in determining disability and in fixing compensation the superior court erroneously did not give any consideration to such back injury, which is now preventing him from returning to his regular employment of structural iron worker. The respondent on the other hand seeks to uphold the decision and findings of the trial justice except the one allowing the petitioner certain medical expenses on account of the injury to his left heel. This allowance is attacked by them in their brief and oral argument on the ground that it is unsupported by any evidence. However, they took no appeal from the decree entered in the superior court and in our opinion cannot now question the allowance for medical expenses.

It appears that in the superior court the trial justice considered the petition before him merely as one to review the preliminary agreement of November 4, 1942 which mentioned only the fractured left heel as the injury involved. Thereafter at the hearing in that court evidence relating to

a low back injury was admitted only for the purpose of allowing the petitioner to show, if he was able, that such injury resulted from the fractured heel. The trial justice took the view that, by reason of the nature of the record before him, he was limited to a review of the heel injury and its results only, since that was the sole injury set out in the agreement being reviewed. See *Anaconda Wire and Cable Co.* v. *Silke*, 74 R. I. 15.

The question of whether there was any legal evidence to support the above-quoted finding is thus raised. If there was such evidence it is well settled that the finding in the absence of fraud becomes conclusive under the provisions of article III, §6, of the act and our decided cases. We have considered the evidence bearing on the issue of whether the alleged back injury resulted from and was caused by the heel injury or whether there were two separate and distinct injuries. Such evidence was conflicting, was chiefly a matter of opinion, and a determination of the issue depended largely on what reasonable inferences might be drawn therefrom. It was the exclusive duty of the trial justice to weigh the evidence and after so doing he came to the conclusion that the petitioner had not sustained the burden of showing that the alleged back injury had resulted from the heel injury. We cannot say that the inferences he drew in reaching his decision were unreasonable, and we find that there was legal evidence to support the fifth finding of fact.

We are of the opinion therefore that considering the scope of the hearing in the superior court and the decree entered therein the instant appeal should be denied and dismissed.

We have, however, a further question before us. After the cause reached this court the petitioner filed therein a paper which bears the following heading: "Petition For Leave To Amend Preliminary Agreement And/Or Petition For Review." It sets out several grounds in support of the prayers of the petition. Those grounds appear to be

chiefly allegations in the nature of fraud, actual or constructive, in relation to the execution of the preliminary agreement and a misunderstanding or lack of knowledge respecting the nature of the petition for review. We find nothing in the procedure set out in the workmen's compensation act or elsewhere which provides for or authorizes the filing in this court of such a petition. In addition we note that the disposition of a petition of that kind might require findings of fact, and we have held that the "Power to determine questions of fact is placed solely in the superior court by our workmen's compensation act." *Parmentier* v. *Moore Fabric Co.*, 71 R. I. 369, 374.

Further, in regard to the matter of amending the preliminary agreement, entered into by the parties on November 4, 1942, by adding thereto a statement so as to include the alleged back injury, we call attention to the fact that we have on several occasions held in substance that such an agreement, having been approved by the director of labor, has the force and effect of a decree until modified or terminated according to law or by a supplemental agreement. *Berkshire Fine Spinning Associates, Inc.* v. *Label*, 74 R. I. 6. Also, ordinarily such an agreement cannot be amended by order of the court at the request of a party thereto except on allegation and proof that it was procured by fraud or coercion. *Airedale Worsted Mills, Inc.* v. *Cote*, 75 R. I. 361; *Giannotti* v. *Giusti Brothers*, 41 R. I. 122.

If fraud is the basis of the claim for amendment then the workmen's compensation act clearly provides a remedy which, in our judgment, the petitioner should follow rather than attempt to obtain relief by means of such a petition as he filed herein. That remedy is set out in art. III, §1, of the act in the following language: "No appeal shall lie from the agreement thus approved unless upon allegation that such agreement has been procured by fraud or coercion. * * * If upon appeal the said superior court having jurisdiction of the matter, as provided in §15 of this article, shall make any amendment or addition to said agreement

384

as approved by said director, the clerk of said superior court shall forthwith notify the said director of said changes made in said agreement."

However, if the petitioner is not permitted to amend the preliminary agreement, he desires to obtain from this court an order to be allowed to amend his petition for review, which is the basis of this cause, by adding thereto a reference to his alleged back injury, thus in effect making the petition an original one as far as that injury is concerned. While there is in the act a provision, art. III, §4, respecting the amendment of original petitions, we find no direct reference in the act specifically authorizing the amendment of a petition for review. If the amendment, as in this instance, is to amount to the filing of an original petition for a different injury it would seem that a separate original petition should be filed therefor rather than seeking to amend a petition which has already been brought to review a previous agreement between the parties.

But if we assume that such an amendment were allowable it is our judgment that the application to be permitted to amend should have been made to a tribunal charged with the duty of hearing the petition and with finding the facts rather than to an appellate court. No such application was in this instance made to the director of labor and, according to the transcript of testimony, while the question was suggested to the trial justice in the superior court no motion to amend was actually pressed by the petitioner and the matter was left in the following situation. "The Court: * * * There is no motion to amend before me so I have nothing to pass upon in that respect and we are simply talking now on Mr. Andrews' objection to your question in reference to the injury to the back. On the ground that you mentioned, that you intend to show that it is a part of the heel injury and a direct result of it, why I think I must allow the testimony * * *. That is the only matter before me now, is it not, Mr. Greenberg? Mr. Greenberg: That is right."

Finally the petitioner argues that in any event the present petition for review should be treated as an original petition, in so far as his alleged back injury is concerned, under the authority of *Esposito* v. *Walsh-Kaiser Co.*, 74 R. I. 31; *Bernier* v. *Narragansett Electric Co.*, 56 R. I. 438; *Lopes* v. *B. B. & R. Knight, Inc.*, 50 R. I. 16. The fundamental principles underlying the decision in each of these cases was set out by the court in the case last cited at page 22 of the opinion: "The petitioner designated his amended petition as one for the review of the preliminary agreement. Such designation perhaps is not entirely unjustified, since in that agreement the matter of compensation for partial incapacity was left undetermined, although the possible existence of such incapacity was therein recognized. It appears to us, however, that the present position of the petitioner should be regarded as that of an employee who is now seeking relief through the Superior Court upon a claim for compensation, as to which the employer and employee have failed to reach an agreement, in reliance upon Section 2, Article III, Chapter 92, General Laws 1923. This court has always regarded the Workmen's Compensation Act as a remedial statute to be liberally construed and applied in order that it may effectuate its purpose. The petitioner should not be denied relief because of a faulty designation of his petition. The essential matter is his prayer contained therein: 'that it may be decreed that compensation for partial incapacity should be paid' to him."

An examination of the above cases shows that in each of them the question involved was the right of the petitioner to ask for partial compensation after having been paid compensation during a stated period for total incapacity. No issue was raised whether separate and different injuries resulted from the single accident, as in the instant case. Also in the *Esposito* case it appeared that if the petition therein was not given effect as an original petition it would be a nullity since there was no existing agreement to review. However, that is not the situation in the present proceed-

ing. Here the petition was actually heard and determined as a petition to review the injury to the petitioner's left heel. If at the same time it could properly be considered as an original petition to recover compensation for his alleged back injury then the same petition, normally controlled by different sections of the act, would operate in a dual capacity. No authority supporting such a practice has been brought to our attention and in our opinion the act does not contemplate such procedure which has the effect of combining in one petition an original petition and one for review.

In the *Bernier* case the court in holding the petition before it to be an original one stated that it was not a petition for review, was not so framed, and did not seek to have any matters previously determined reviewed, thus differing from the petition herein. Further, in each of such cases it appeared without dispute that the treatment of the petition in question as original did not deprive the respective respondents of any defense based on the statute of limitations. Without in any way passing upon the issue, that defense, from the record, would at least seem to be open herein.

We realize that the workmen's compensation act is a remedial statute and should be liberally construed to effectuate its purpose. Such construction, however, should be reasonable, within the limits and intent of the provisions of the act, and should not set up a method of procedure which is confusing and which needlessly substitutes a new procedure for one already provided for in the act or for one which has been customarily accepted and followed.

Upon consideration we are of the opinion that the above cases relied on by the petitioner are so different in their facts and in the basic principles of law therein enunciated that they do not control the present case. We find therefore that the petition for review herein should not be considered as an original petition for the purpose of determining the petitioner's claim for compensation for an alleged

injury to his lower back. In the circumstances it is our judgment that the petition filed in this court for leave to amend the preliminary agreement and the petition for review should be denied, without prejudice, however, to the right of the petitioner to take such further action in respect to the matters covered by that petition as he may hereafter be advised.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, the petition to amend is denied, and the cause is remanded to the superior court for further proceedings.

*Albert L. Greenberg, Charles H. Drummey,* for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Thomas J. Hogan,* for respondents.