A. D. JUILLIARD & CO., INC. *vs.* JOSEPHINE DE CONTI.

JANUARY 22, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

CONDON, J.   This is an employer's petition to review a preliminary agreement for compensation for total incapacity under the workmen's compensation act, general laws 1938, chapter 300.   The superior court found that the respondent was no longer incapacitated by the injuries described in the agreement and suspended compensation.   A decree to that effect was duly entered, and from such decree respondent has appealed to this court.

In her reasons of appeal she states that the decree is against the law and the evidence and the weight thereof and more specifically that the superior court erred in not construing the description of the injuries in the agreement so as to include a low back strain.   She further claims that because of such alleged erroneous construction the court also erred in refusing to consider the evidence of an injury to her low back on the left side which she asserts is "compatible" with the injury over her left hip as described in the agreement.

According to the agreement respondent was injured January 24, 1951, and she was treated immediately by a doctor. She was declared to be totally incapacitated as of January 25, 1951 and has not worked since that date.   The agreement was executed February 5, 1951 and approved by the director of labor on February 8, 1951.   The cause of respondent's injuries was stated therein as follows:   "Slipped on water and fell against window."   The nature and location of the injuries were described as:   "Marked ecchymosis and hematoma over left hip.   Ecchymosis of right shin."

On September 18, 1951 petitioner filed the instant petition on the ground that respondent's total incapacity due to such injuries had ended or diminished.   In the interim, between the approval of the agreement and the hearing in the superior court on March 9, 1953 of petitioner's appeal from

the decision of the director of labor denying its petition, respondent was examined by several doctors in addition to the one who treated her after the accident. It was the opinion of those doctors, most of whom testified in the superior court, that the ecchymosis and hematoma described in the agreement had disappeared at the time of their respective examinations and that respondent was no longer incapacitated by such injuries.

However, one of those doctors, Dr. Ernest D. Thompson, a specialist in bone surgery, was allowed to testify on behalf of respondent that she was presently incapacitated by a low back strain and, in his opinion, was unable to work. But he also testified that the low back could not be considered in the hip area. And in response to a question by the trial justice "whether the pain is referred from the hip to the spine or from the spine to the hip" he answered: "* * * it is our feeling that the pain is referred from the root of the low back into the nerve courses down the leg." He testified that he never treated respondent although he had found the low back condition on his first examination March 13, 1952 and found it unchanged on later examinations in August 1952 and February 1953. He also testified that at his first examination he saw no evidence of ecchymosis or hematoma over respondent's left hip.

The respondent was also allowed to testify to a low back condition that was causing her pain so that she could not return to her work as a doffer in petitioner's mill. She testified that when she went to the first doctor for treatment after the accident she told him: "I hurt my hip, my bottom, my back, the bone in my leg." And she testified further that she received heat applications to her hip and lower back. She expressly disclaimed that her present incapacity was due to ecchymosis of the right shin and admitted that the ecchymosis and hematoma over her left hip have disappeared.

The respondent does not contend that she is incapacitated

by the specific injuries described in the agreement but by a low back strain as testified to by Dr. Thompson. However, she claims that such description is "entirely consistent with and concomitant with an injury to that portion of her body mechanically and physically connected to her left hip, i.e. her lower back." By this claim she seeks to differentiate her case from *Peters* v. *Monowatt Electric Corp.*, 78 R. I. 134, and *Day* v. *Almac's Inc.*, 79 R. I. 357. Thus she expressly disclaims any intention to contradict or alter the description in the agreement because she argues that it "is entirely consonant with an injury to her lower back." She insists, therefore, that she is relying solely upon the agreement when she claims that the evidence of low back strain should have been considered by the trial justice in determining whether she was still incapacitated.

After carefully reading the transcript and giving consideration to respondent's thesis and the reasons advanced by her in its support, we are of the opinion that the trial justice did not err in construing the agreement as confined to the specific injuries described therein and in finding that she was no longer incapacitated thereby. We do not agree with respondent that "ecchymosis and hematoma over left hip" is a description of the nature and location of an injury comprehensive enough to reasonably include a low back strain. Even Dr. Thompson, her own witness, places the hip and the low back in different areas. And of course neither ecchymosis nor hematoma suggests a strain. The two might well result from the same accident but they would still be quite different injuries. In such a case a preliminary agreement should describe both.

In the case at bar if respondent actually suffered a low back strain as a result of her fall she has failed to use sufficiently comprehensive and definite language to include it in the agreement. That she did not draw the agreement is of no avail to her in the instant proceeding. The respondent's difficulty here is that the language of the agreement

does not reasonably submit to a construction that would encompass a low back strain. In defending the instant petition for review, she may not resolve that difficulty by seeking a construction that in effect reforms the agreement. Her remedy, if she has one under our workmen's compensation act, must be pursued by affirmative action on her part to have the agreement correctly state what she contends is the real injury that has incapacitated her from the beginning. The petitioner is presently bound only by what is expressed or necessarily and reasonably implied by the language of the agreement as it now stands.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Francis V. Reynolds, Richard P. McMahon,* for petitioner.

*William G. Grande, Herbert Katz,* for respondent.