CAROLINE MACEDO *vs.* ATLANTIC RAYON CORPORATION.

FEBRUARY 25, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This is an employee's appeal from a decree of the superior court denying her petition for review of a preliminary agreement duly entered into by the parties and approved by the director of labor under the workmen's compensation act, general laws 1938, chapter 300.

Such agreement described the nature of petitioner's injury as "Lower back sprain" which was caused by "Pulling box sideways, hit truck, lost balance and fell onto truck" in an accident happening April 23, 1943.   Compensation thereunder for total incapacity was paid until July 11, 1947, when this court affirmed a decree of the superior court, entered on the employer's petition for review, finding that the employee was not then suffering from incapacity as a result of the accident described in the agreement, and terminating further compensation payments thereunder. *Atlantic Rayon Corp.* v. *Macedo,* 73 R. I. 157.

Thereafter, on March 5, 1951, the employee filed the instant petition for review, alleging therein that she was then suffering from "a re-occurrence of her original injury which resulted in an operation for a ruptured disc on about December 13, 1949."   After a hearing in the superior court a decree was entered finding that the intervertebral disc condition disclosed at the operation performed in December 1949 was not caused by the accidental injury of April 23, 1943, and that such condition was separate and distinct from the injury described in the preliminary agreement entered into by the parties on June 11, 1943.

The petitioner does not dispute the law as stated in *Peters* v. *Monowatt Electric Corp.,* 78 R. I. 134, *Manville Jenckes Corp.* v. *Lubinski,* 76 R. I. 36, and *Airedale Worsted Mills, Inc.* v. *Cote,* 75 R. I. 361.   But she claims in effect that the trial justice misconceived the evidence; that the description "Lower back sprain" amounts only to a general

description of the area or location of the injury in terms of a layman; and that it was error not to apply the rule stated in *Hanley v. Westminster Motors, Inc.,* 80 R. I. 22, 90 A.2d 762.

Apparently the trial justice in his decision expressed a feeling that in the *Hanley* case there had been "a slight relaxation of the rule set forth in the *Peters case*." But he also pointed out that it was made crystal clear in the *Hanley* case that an injury of ruptured intervertebral disc was permitted to be the basis of a petition for review only because of the general description, "Rt. sacro-iliac area," there appearing in the preliminary agreement as the nature and location of the injury.

The last part of the trial justice's conclusion is correct, but this court did not thereby intend a relaxation of the rule stated in the *Peters* case. Where the nature of a particular injury is described in the agreement, the court on a petition to review may consider any incapacity arising out of and flowing from the original injury, if the causal connection thereof is established. *Airedale Worsted Mills, Inc. v. Cote, supra.* But it may not consider on such a review any incapacity caused by a new, separate and different injury. *Peters v. Monowatt Electric Corp., supra; A. D. Juilliard & Co. v. De Conti,* 81 R. I. 260, 102 A.2d 116.

On the other hand, where the nature of the injury is not specifically described and only the location or area thereof is generally designated in the agreement, then any injury reasonably located within such area, if causally related to the original accident and injury, may be considered. This is due not to a relaxation of the rule stated in the *Peters* case but rather to an application of the ordinary rule, so far as that was possible in view of the general description in the agreement and the evidence. *Hanley v. Westminster Motors, Inc., supra.*

In the instant case the employee's physician, Dr. Americo A. Savastano, an orthopedic surgeon, testified that in De-

cember 1949 he had done "a myelogram" and then operated on the employee to correct a ruptured disc between the fourth and fifth lumbar vertebrae. According to him, a *sprain* affects only the soft tissue structure of or at a joint which, after temporary dislocation or subluxation, reduces itself and leaves the soft tissue partially torn or stretched. He not only distinguished between a "low back sprain" and an "injury to the lower back," but also expressly testified that a ruptured disc pathologically was something utterly *separate and distinct* from a sprained joint. He further testified that he never heard of any reference, in medical terminology or books, to a ruptured disc as a sprain of any member, and there was no contrary medical testimony or evidence.

In the circumstances there is legal evidence to support the trial justice's finding that petitioner's condition of a ruptured disc, although termed in her petition for review as "a re-occurrence of her original injury," is nevertheless a new and distinctly different injury from that which was described in the preliminary agreement. That finding, being supported by legal evidence, is therefore conclusive under the act and there was no error of law in that regard.

However, even if it be assumed that her present condition resulting from a ruptured disc could be considered as coming within a general description of the area, as in the *Hanley* case, the decree is supportable on another ground. The trial justice also found that there was no evidence causally connecting her present incapacity with the accident and injury of April 23, 1943. From an examination of the transcript the only attempt to connect such injuries was made through Dr. Savastano. His testimony, however, goes only to the possibility that it "could" be connected *if* the history given by the employee regarding the absence of intervening accidents or other possible causes be accepted. He nowhere testified that the ruptured disc and petitioner's present disability therefrom resulted from the original in-

jury, or that in his opinion her present condition was the probable result of such injury, so as to be probative evidence of the necessary causal connection. *Antonelli* v. *Walsh-Kaiser Co.*, 72 R. I. 1. Therefore in any event there is no merit in the petitioner's argument that the trial justice misconceived the evidence or misapplied the law in denying her petition to review.

. The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Frank W. Golemba*, for petitioner.

*Boss & Conlan, Francis W. Conlan*, for respondent.