## United States Rubber Company *vs.* Lillian Dymek.

### APRIL 25, 1958.

Present: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ROBERTS, J.  This is an employer's petition for review of

a decree of the workmen's compensation commission wherein it was found that the respondent employee continued to be partially disabled, her present earning capacity was established, and an order was entered to pay her variable partial compensation. The case is before this court on the petitioner's appeal from that decree.

It appears from the record that the petition for review was heard by a trial commissioner and concluded on July 12, 1956. At that hearing petitioner produced payroll records relating to the earnings of respondent at such times as she was employed by it over a period of several months, which it argued showed that her earning capacity had been restored. The respondent testified that at the time of the hearing she had prospective employment but had no knowledge of what her wages would be when so employed. The trial commissioner on July 20, 1956 entered a decree in which he found that respondent remained partially disabled and that she had an earning capacity of $40 per week, and he ordered that she be paid variable partial compensation. From that decree petitioner appealed to the full commission. One of petitioner's reasons of appeal was that the finding of the trial commissioner that respondent had an earning capacity of $40 per week was not supported by any legal evidence.

This appeal was heard by the full commission which on November 1, 1956 entered an interlocutory order remanding the cause to the trial commissioner "for the sole purpose of hearing testimony as to the respondent's present earning capacity." Thereafter the trial commissioner heard further testimony relating to the earning capacity of the respondent. When the amended record had been returned to the full commission, they again considered the appeal and entered a decree thereon on December 28, 1956. In that decree it was found that respondent remained partially disabled, that she had an earning capacity of $32.50 per week, and petitioner was ordered to pay variable partial

compensation. From that decree petitioner appealed to this court.

The petitioner argues, among other things, that it was entitled under the law to have its appeal from a decree of the trial commissioner decided upon the record made at the hearing before him. Its position is that there was no evidence in that record relating to the earning capacity of the respondent other than that introduced by it, and that the full commission was without authority to remand the case to the trial commissioner for the purpose of supplying this deficiency in evidence. We are of the opinion that this contention has substantial merit.

The provisions of the act which provide for an appeal from a decree of the trial commissioner by aggrieved persons are set out in general laws 1956, §28-35-28. The portion of such section which is pertinent to the issues raised reads as follows: "The full commission shall forthwith review the decree upon the record of the case and shall file a decision pursuant to the law and the fair preponderance of the evidence * * *." We do not perceive that there is any ambiguity in the section above quoted, and in our judgment it is the clear mandate of the legislature that the full commission in reviewing a decree of a trial commissioner must do so upon the record made at that hearing. It is well established that where the language of the statute is free from ambiguity and expresses a definite and sensible meaning, that meaning is conclusively presumed to be the one which the legislature intended. In such cases there is no room for construction of the statute. *Weimar* v. *Newman*, 78 R. I. 221, 226.

It is our opinion that under the provisions of the statute as above quoted the authority of the commission to review a decree of the trial commissioner upon appeal therefrom is limited to a review upon the record as it was established at the hearing before him. There is nothing in the act which would authorize the full commission, when reviewing

314

a decree on such an appeal, to amend or enlarge that record either by remanding it to the trial commissioner or by other procedure. They may in reviewing a decree upon such appeal act only within the limits of the express grant of statutory authority, which is to review the decree upon the record submitted when the appeal was perfected.

Because of the view which we have taken of the petitioner's contention that the full commission exceeded their authority when they remanded the case to the trial commissioner for the taking of further testimony, it will not be necessary for us to consider the petitioner's other reasons of appeal. It is clear that the full commission have not performed the duty imposed upon them by the statute, that is, to review the decree appealed from upon the record. It is therefore our opinion that the cause should be returned to the full commission so that they may proceed to perform that duty in accordance with the statute.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Ambrose W. Carroll,* for petitioner.

*Michaelson & Stanzler, Julius C. Michaelson,* for respondent.