OSCAR LAROSE *vs.* WARWICK BRASS FOUNDRY, INC.

MARCH 19, 1964.

PRESENT: Roberts, Powers and Joslin, JJ.

ROBERTS, J. This is an employee's original petition for compensation as provided by G. L. 1956, §28-34-3, wherein

he alleges disablement resulting from his contraction of an occupational disease. The petition was heard by a trial commissioner, who thereafter entered a decree awarding total compensation which on appeal was affirmed by the full commission. From that decree the respondent has prosecuted an appeal to this court.

The decree of the trial commissioner discloses that he found "That the petitioner became disabled December 4, 1957 from an occupational disease, namely silicosis, * * *" and ordered "That the respondent pay to the petitioner total compensation * * *." The respondent's appeal to the full commission was taken on the ground that the decision of the trial commissioner disclosed a finding of partial incapacity and that, therefore, it was error on his part to fail to apply the provisions of §28-34-3 that "if it shall be determined that such employee is able to earn wages at another occupation which shall be neither unhealthy nor injurious and such wages do not equal his full wages prior to the date of his disablement, the compensation payable shall be a percentage of full compensation proportionate to the reduction in his earning capacity."

In short, the question respondent sought to raise before the full commission was whether the trial commissioner, purportedly having found only partial incapacity, erred in awarding total compensation and not the proportionate compensation provided for in §28-34-3. After a hearing on the appeal, however, the full commission entered a decree on December 26, 1958, affirming the "findings of fact and the orders contained in" the decree of the trial commissioner.

In addition to the testimonial evidence of the witnesses, medical and otherwise, in behalf of respondent, the full commission in hearing the appeal also considered two medical reports made by Dr. John C. Ham wherein the doctor concluded that petitioner "is essentially completely

incapacitated for work * * *." The commission then stated in its decision: "We have carefully read the transcript, the hospital records and the medical exhibits and we are satisfied on the basis of Dr. Ham's testimony that the condition of the petitioner did not change to the extent that he was able to earn wages at another occupation which shall be neither unhealthy nor injurious to him." The full commission, in passing upon all of the evidence contained in the record, clearly found that the disability of petitioner was total. The respondent argues, nevertheless, that the full commission, in thus exercising the appellate power conferred upon it, failed to comply with the provisions of §28-35-28 prescribing the manner in which its appellate jurisdiction shall be exercised.

We perceive no failure on the part of the full commission to comply with the statutory provisions relating to the manner in which it shall review decrees of a trial commissioner. In the first place, a trial commissioner is required under §28-35-27 to "decide the merits of the controversy pursuant to the law and the fair preponderance of the evidence * * *" and "enter a decree upon the decision, which shall contain findings of fact * * *." Thereafter any person aggrieved by such a decree of the trial commissioner may prosecute an appeal under §28-35-28 to the full commission which "shall forthwith review the decree upon the record of the case and shall file a decision pursuant to the law and the fair preponderance of the evidence * * * and if the decision requires the entry of a new decree, * * * the new decree shall be entered in the same manner as the original decree, but if the decision * * * does not require the entry of a new decree, the decree shall be affirmed."

The statute requires clearly that the review shall be upon the record as made at the hearing before the trial commissioner, the purpose of such requirement being to preclude delay in providing the injured employee with the

relief contemplated in the act. The full commission, in reviewing a decree, is limited to the record made before the trial commissioner, being without authority either to amend or enlarge that record. *United States Rubber Co.* v. *Dymek,* 87 R. I. 310.

On the other hand, the statute, by clear implication at least, authorizes the full commission to pass upon questions of law and to exercise its fact-finding power to such extent as the record before it affords and thereafter to enter a decree determinative of the rights of the parties subject only to an appeal to this court. In *Savage* v. *Mark Elevator Co.,* 83 R. I. 401, 404, this court said that on an appeal from a decree of the trial commissioner to the full commission "the single commissioner's decree becomes interlocutory, as it is within the power of the commission either to affirm that decree or to enter an entirely new and different one. In such a situation the decree of the full commission and not that of the commissioner is the final decree that will support further appellate proceedings."

We are persuaded that respondent here is assuming that its appeal from the decree of the trial commissioner brought to the full commission only its contention that it was error to award total compensation where it appears from the record that the trial commissioner found only partial disability. We have held, however, that the full commission on such a review is not bound by the findings of the trial commissioner. In *Sorafine* v. *York Decorators Co.,* 90 R. I. 374, 378, we rejected the view that an appeal from the decree of a trial commissioner "brings up for review only those portions thereof by which he claims to be aggrieved and that the full commission is bound to accept all other portions of the decree. Such a view of the scope of the full commission's power of review is clearly without warrant." We then directed attention to the provisions of the act which require the full commission, in acting on such

an appeal, to weigh the evidence and to decide for itself where the preponderance lies and at page 378 of that opinion went on to say: "Thus the full commission are at liberty to make their own findings of fact and are not bound to adopt any finding in the trial commissioner's decree when * * * such decree has been appealed from on the ground, among others, that it is against the evidence and the weight thereof." It is our opinion then that the full commission did not err in finding as a fact on the basis of the record that petitioner was totally disabled.

In such circumstances there remains only the question of whether the finding of the full commission was supported by legal evidence in the record, it being settled that on such a review this court may not pass upon the weight of the evidence. *Shoren* v. *United States Rubber Co.*, 87 R. I. 319. As we have already suggested, the evidence adduced through the introduction of the medical reports of Dr. Ham is, in our opinion, legally competent evidence upon which the decision of the full commission properly may rest.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*William A. Regan, Francis B. Brown,* for petitioner.

*Carroll & Dwyer, Robert L. Kiernan,* for respondent.