210 A.2d 125.

WILFRED J. ROY *vs.* THE GREAT ATLANTIC & PACIFIC
TEA COMPANY.

SAME *vs.* SAME.

MAY 14, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. These are two petitions under the workmen's compensation act. The first case, Equity No. 3189, is an employee's petition to review a preliminary agreement and

the second, Equity No. 3190, is an original petition for compensation benefits. By agreement of the parties the petitions were consolidated and heard together before the trial commissioner and the full commission on appeal. The cases are here on the petitioner's appeals from the decrees of the full commission affirming the trial commissioner's decrees denying and dismissing both petitions.

The issue presented for our determination is whether there is error in the decrees of the commission finding that petitioner has failed in both cases to sustain his burden of proof and whether the commission has misconceived any material evidence.

Although we believe it is necessary to discuss in some detail the factual background on which these petitions are based, the applicable law is not in dispute. It is now well established that findings of fact made by the commission, whether positive or negative, if supported by competent evidence, are conclusive in the absence of fraud. *De Fusco* v. *Ochee Spring Water Co.*, 84 R. I. 446. It is also well settled that petitioner has the burden of proving the allegations of his petitions. *Broadbent* v. *Providence Gas Co.*, 91 R. I. 100. Under our act we are not permitted to pass on the weight of the evidence. *Larose* v. *Warwick Brass Foundry, Inc.*, 97 R. I. 459, 198 A.2d 668.

The record discloses that petitioner has been in respondent's employment for many years; that on August 5, 1956, while employed as a scaler, he sustained an injury; and that on January 21, 1957 the parties entered into a preliminary agreement. The nature and location of the injury is described in the agreement as "upper back strain involving shoulders" and the cause of the injury is stated as follows: "Carried 100 lb. bag of sugar to sugar bin, when he took bag of sugar off shoulder, felt pain."

On March 20, 1959, a consent decree was entered on a petition brought by petitioner against respondent to amend

the January 21, 1957 preliminary agreement. This petition is designated as W.C.C. No. 8753. The decree amends the preliminary agreement by stating the nature and location of the injury as "Back injury." This decree is an exhibit in this proceeding.

On December 30, 1958, petitioner brought an original petition against respondent for compensation benefits for an injury which the petition alleges occurred on October 24, 1958. This petition is designated as W.C.C. No. 8734. After a hearing thereon the parties entered into a preliminary agreement dated February 18, 1959, which states the cause of injury as follows: "Employee's operation of cake depositor aggravated previous back condition." The nature and location of the injury is stated as "Ruptured disc L-5, S-1," and the date of incapacity as October 26, 1958. The agreement provides for the payment of $32 per week for duration of total incapacity.

The parties subsequently entered into an agreement for payment of benefits for partial incapacity commencing on June 8, 1959. Thereafter, on June 2, 1960, by decree in W.C.C. No. 60-1819 the payments were suspended. Then on December 16, 1960 the parties entered into a further preliminary agreement providing for benefits for total incapacity commencing on December 3, 1960. On January 28, 1961 the petitioner returned to work for respondent at his regular wages.

On November 29, 1963, as a result of an incapacity which petitioner alleges he sustained on or about October 10. 1963, he filed the instant petitions. Equity No. 3189 is a petition to review the February 18, 1959 preliminary agreement on the ground that his incapacity has become total. Equity No. 3190 is an original petition for benefits alleging that petitioner sustained an injury on or about October 10, 1963. These are the two petitions which are the subject matter of this inquiry.

In Equity No. 3190 the cause of injury is stated as follows: "While performing work as a Depositor Mixer has to lift, pull, shove, etc., resulting in an aggravation of a pre-existing injury." The nature and location of the injury is described as "Back injury." The petitioner alleges that he became incapacitated on October 12, 1963 and he seeks total compensation payments from October 13, 1963.

The petitioner testified that he had a disc operation after the 1958 injury; that after his return to work he performed light duty but continued to have difficulty with his back; that for two or three months prior to October 12, 1963, he had been experiencing pain in his back and legs; that on one occasion he suffered a severe attack of pain while he was changing his clothes in the locker room at work; and that on or about October 10, 1963, while he was in a parking lot of a retail store in Cranston, he was seized with severe pain in his back.

He further testified that on the same day he went to Dr. Donald F. Larkin, an orthopedic surgeon, and that because of his back condition he stopped work on October 14, 1963 when Dr. Larkin hospitalized him. A myelogram was performed on October 28, 1963 and on November 5, 1963 surgery was performed for the removal of a ruptured disc at L-4, 5 on the right side. The petitioner returned to work for respondent on January 18, 1964.

Doctor Larkin testified that he first saw petitioner on October 2, 1958; that in 1959 he operated upon him for a ruptured intervertebral disc at L-5, S-1; that he saw him again on or about October 10, 1963 for back complaints; and that petitioner then told him that he had felt sudden pain in his back when stepping off a curb to get into his car.

In direct examination Dr. Larkin stated that it was his opinion that the ruptured disc for which he performed surgery on November 5, 1963 was directly related to the

1958 injury. Under cross-examination, however, he varied his opinion. He testified that if petitioner had low back pain and symptoms of a back injury after his 1956 incident, then he must assume that the disc which was removed in 1963 was referable to the 1956 injury rather than the 1958 injury.

The respondent presented in evidence an earlier decree in W.C.C. No. 8753 indicating that the preliminary agreement covering the 1956 injury included a back injury and not just a shoulder injury. The respondent also presented in evidence a transcript of petitioner's testimony in the earlier case indicating that he had pain in his back and legs as a result of the 1956 injury.

In Equity No. 3189 the trial commissioner noted that the decree and transcript of the earlier hearing supported the view that petitioner had a back injury in 1956 and he also noted that Dr. Larkin was petitioner's witness. He adopted Dr. Larkin's opinion that petitioner's 1963 difficulty and incapacity resulted from the 1956 injury and not from the 1958 incident. On the basis of such evidence he made an express finding of fact that petitioner had failed to prove by a fair preponderance of the evidence that he had any return of incapacity either partial or total since October 14, 1963 flowing from or causally connected with the October 24, 1958 injury.

In Equity No. 3190 he found that there was no testimony of any incident at work which caused the attacks of pain; that there was no evidence to substantiate any claim that petitioner sustained an injury on or about October 10, 1963 arising out of and in the course of his employment with respondent, connected therewith and referable thereto; and that petitioner had therefore failed to sustain his burden of proof by a fair preponderance of the evidence.

Under his reasons of appeal petitioner contends that the decrees of the full commission are against the law and the evidence and the weight thereof. He further contends that

the commission misconceived Dr. Larkin's testimony and therefore there was no legally competent evidence upon which to base its findings of fact. He argues that his physical condition and incapacity in 1963 flowed from the 1958 injury which resulted from the aggravation of a pre-existing back condition.

The petitioner has failed to persuade us that the commission erred in either petition. In Equity No. 3190 there is no evidence of any incident connected with petitioner's employment with respondent which caused the attack of pain in October 1963. The petitioner testified that on October 11, 1963 he was stricken with a muscle spasm in a parking lot of a Western Auto store. The commission's findings that petitioner failed to sustain his burden of proof is supported by the evidence and reasonable inferences therefrom and are conclusive in the absence of fraud. *De Fusco* v. *Ochee Spring Water Co.*, *supra*. On the basis of this record we cannot find any error in the commission's finding that petitioner failed to sustain his burden of proof. *Broadbent* v. *Providence Gas Co.*, *supra*.

In Equity No. 3189 the exhibits in evidence and the testimony of Dr. Larkin constitute competent evidence to support the commission's finding that the 1963 incapacity resulted from the petitioner's 1956 injury, rather than from the 1958 injury. The burden of proving that such incapacity resulted from the 1958 injury or that the petitioner suffered an aggravation of a pre-existing back injury was on the petitioner. The commission's finding that the petitioner failed to sustain his burden of proof is supported by competent evidence and is conclusive in the absence of fraud. We find no support in this record for the petitioner's contention that the commission misconceived Dr. Larkin's testimony.

In each case the petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and each case

644

is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson & Stanzler, Milton Stanzler,* for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Thomas D. Gidley,* for respondent.