220 A.2d 512.

WILFRED J. ROY *vs.* THE GREAT ATLANTIC & PACIFIC TEA COMPANY.

JUNE 10, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is a petition to review a consent decree amending a preliminary agreement. The cause is here on the respondent's appeal from a decree of the full commission affirming a decree of the trial commissioner.

The essential facts in this cause are discussed in *Roy* v. *Great Atlantic & Pacific Tea Co.*, 99 R. I. 638, 210 A.2d 125. That case involved two petitions by the employee. They were consolidated and heard together before a trial commissioner on January 2, February 7 and March 6, 1964. The full commission entered a decree on June 17, 1964 affirming the decree of the trial commissioner and on May 14, 1965 we filed our decision denying and dismissing petitioner's appeal in each of the cases.

On April 13, 1964, while those petitions were pending before the commission, the petitioner filed the instant petition alleging that "On or about October 14, 1963 petitioner suffered a recurrence of the back injury sustained on August 5, 1956, necessitating an operation for a ruptured intervertebral disc causing him to be disabled from October 14, 1963 to January 18, 1964." On March 20, 1959 a con-

sent decree was entered amending the preliminary agreement entered on January 21, 1957.

The preliminary agreement which is the subject of the instant petition relates to the August 5, 1956 injury and, as amended, describes the nature and location of the injury as "Back injury."

This petition was heard before the trial commissioner on May 25, October 6 and October 27, 1964. In addition to the testimony of petitioner and his physician Dr. Donald F. Larkin, a qualified orthopedic surgeon, the evidence includes a copy of a medical report by Dr. Larkin and copies of various agreements and decrees which are referred to in *Roy, supra*. After the hearing the trial commissioner entered a decision and a decree based thereon, dated November 27, 1964, which contains express findings that petitioner had a return of total incapacity on October 11, 1963 "flowing from and causally connected to the injury of August 5, 1956" and that "as a result of said return of total incapacity, the petitioner was totally incapacitated from October 11, 1963 until January 18, 1964 at which time he had recovered and was able to return to his regular work and no longer suffering any loss of earning capacity."

After a hearing on respondent's appeal the full commission, one member dissenting, entered a decision and a final decree based thereon affirming the decree of the trial commissioner.

The respondent has briefed and argued its reasons of appeal under four main points. Before considering them we note that respondent was insured by the Travelers Insurance Co. in August 1956 and by the Aetna Casualty & Surety Co. in October 1958. The findings that petitioner was totally incapacitated for work between October 11, 1963 and January 18, 1964 and that such incapacity resulted from a back condition are supported by competent evidence. The ultimate question before us is whether petitioner's incapac-

ity during such period flowed from the August 5, 1956 injury. The answer to this question will determine whether Travelers or Aetna is liable for the benefits to which petitioner is entitled under the act.

We shall first consider respondent's contention under point IV challenging an evidentiary ruling by the trial commissioner. It appears from the transcript that in reply to a hypothetical question put by petitioner's counsel to Dr. Larkin asking his opinion as to the cause of the ruptured disc for which he operated on petitioner in November 1963, the doctor, over respondent's objection, stated that in his opinion the disc that he "found in 1963 was the result of his original injury as he described it to me in 1956." The respondent contends that the commission erred in affirming the trial commissioner's ruling allowing the hypothetical question and in considering the doctor's answer.

In its reasons of appeal to the full commission respondent did not include a specific reason of appeal attacking the correctness of the trial commissioner's ruling. In the circumstances this contention is not properly before us. On an appeal from a decree of a single commissioner, affirmed by the full commission, this court will review only those matters which were brought by specific reasons of appeal to the full commission. *Brown & Sharpe Mfg. Co.* v. *Lavoie*, 83 R. I. 335. However, assuming that this challenge is properly before us, we find no prejudicial error since it appears from the doctor's testimony that, having been petitioner's attending physician for a long period of time, he was fully aware of all the facts on which his opinion was based pertaining to the cause of petitioner's incapacity for work during the period in question. *Oliver* v. *Pettaconsett Construction Co.*, 36 R. I. 477.

We shall consider respondent's contentions under points I and II together. Under point I respondent contends that the decree of the full commission is fatally defective because

it does not contain express findings that (1) petitioner's return of incapacity is directly and exclusively referable to his 1956 injury and (2) that there was no intervening original or aggravating cause.

The respondent relies on a statement in *Pimental* v. *S. Rubin, Inc.*, 92 R. I. 346 at page 350, where the court said:

> "Assuming that incapacity for work existed at the time petitioner filed the instant petition, it was incumbent upon him as the moving party not only to prove the existence of such incapacity but to prove as well that his incapacity was directly and exclusively referable to the injury of August 12, 1957. The nature of the proof required necessarily contains an inherent negation, at least by inference, of the likelihood that current incapacity is the result of an intervening original or any aggravating cause. Conversely, if the evidence adduced before the single commissioner raises a question of such an intervening cause, it is possible that inferences may be drawn which tend to militate against a finding that the incapacity is directly and exclusively referable to the injury relied upon."

That case involved an original petition for compensation. Assuming that the rule stated in *Pimental, supra,* applies to a hearing on a petition to review we are of the opinion that it has been complied with in the case at bar. See *General Scrap Iron, Inc.* v. *LaPorte,* 68 R. I. 98, 100. As we have previously indicated the ultimate issue raised by the petition to review is whether petitioner's incapacity for work commencing October 14, 1963 resulted from the 1956 injury. The decree of the trial commissioner contains a finding on that issue, namely, "That the petitioner had a return of total incapacity on October 11, 1963 flowing from and causally connected to the injury of August 5, 1956 * * *." The full commission relied on that portion of Dr. Larkin's testimony stating that in his opinion "the disk that I found in 1963 was the result of his original injury as he described it to me in 1956." Having made the pertinent finding in reliance on such testimony, it is reasonable to assume that

58

there is implicit therein a finding that petitioner's 1963 incapacity was directly and exclusively referable to the 1956 injury and that there was no intervening original or aggravating cause. Such findings, as well as the expressed finding, are supported by competent evidence and, absent fraud, are conclusive.

The respondent cites *Dodge* v. *Barstow Stove Co.*, 40 R. I. 191, *General Scrap Iron, Inc.* v. *LaPorte, supra,* and *Walsh-Kaiser Co.* v. *Della Morte,* 76 R. I. 325. We agree with the law stated in those cases, but they are factually clearly distinguishable from the case at bar and of no assistance to respondent. In the case at bar the decree contains a finding on the ultimate issue and such finding is supported by competent evidence. The respondent's contention to the contrary is without merit. The fact that there may be other evidence inconsistent with the portion of Dr. Larkin's testimony upon which the commission relied does not help respondent. The question of the weight of the evidence was for the commission and not for this court.

Under point III respondent argues that the full commission erred in permitting petitioner to direct his petition to review to the decree entered on March 20, 1959 amending the preliminary agreement entered on January 21, 1957. As heretofore noted the agreement as amended related to the 1956 injury and described the nature and location of the injury as "Back injury." The respondent contends that since there were later agreements and decrees entered into by the parties petitioner was limited to petitioning for a review of the last agreement or decree as the starting point for any later inquiry as to whether his incapacity had diminished, ended, increased or returned. In support of such contention it relies upon *Ottone* v. *Franklin Process Co.*, 76 R. I. 431, and *Trudeau* v. *United States Rubber Co.*, 92 R. I. 328.

The facts in each of the cited cases are materially dif-

ferent from those in the case at bar. In *Ottone, supra,* the employee sustained only one compensable injury. The same is true in *Trudeau, supra.* The rule stated in those cases, with which we are in complete agreement, does not apply to the peculiar facts of the instant case, involving, as it does, two separate injuries, one sustained in 1956 and the other in 1958. None of the intervening agreements or decrees entered between the date of the March 20, 1959 consent decree and the instant petition related to the 1956 injury. The surgery for the removal of a ruptured disc at L-5, S-1 in February 1959 resulted from the 1958 injury, whereas the November 5, 1963 surgery for the removal of the ruptured disc at L-4, L-5 on the right side was causally connected to the 1956 injury according to the testimony of Dr. Larkin, on which the commission relied. These were two separate injuries, notwithstanding the fact that each was a back injury. The intervening decrees and agreements relating to the 1958 injury specifically describe the nature and location of the injury as "Ruptured disc, L-5, S-1."

With respect to the 1956 injury, the March 20, 1959 consent decree was the most recent decree entered by the parties. In the circumstances of this case we hold that the commission did not err in permitting the petitioner to direct his petition to review to the March 20, 1959 decree amending the January 21, 1957 preliminary agreement.

The respondent's appeal is denied and dismissed and the decree appealed from is affirmed. The petitioner having successfully defended in this court the respondent's appeal from the decree of the full commission is entitled to a fair and reasonable counsel fee under the provisions of G. L. 1956, §28-35-32, as amended. He shall present a motion for such fee together with a certificate by his counsel showing the services rendered in preparing and defending the appeal in this court. Upon the presentation of such motion and certificate, costs for such counsel fee shall be fixed by this

60

court after a hearing on the question of the fairness and reasonableness of such fee. The cause will then be remanded to the workmen's compensation commission for further proceedings.

MOTION ON REARGUMENT.

JUNE 24, 1966.

PER CURIAM. After our opinion in the above cause was filed, the respondent by permission of the court presented a motion for leave to reargue setting forth therein certain reasons on which it bases its contention that justice requires a reargument.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Abedon, Michaelson, Stanzler and Biener, Milton Stanzler,* for petitioner.

*Boss, Conlan, Keenan & Rice, H. Eliot Rice,* for respondent.