Mary COLETTA

v.

LEVITON MANUFACTURING CO., INC.

No. 79–226–Appeal.

Supreme Court of Rhode Island.

Dec. 16, 1981.

---

Lovett & Morgera, Ltd., Raul L. Lovett and Lauren E. Jones, Providence, for appellant.

Chisholm & Feldman, Vincent J. Chisholm and Howard L. Feldman, Providence, for appellee.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal brought by Mary Coletta (hereinafter, employee) from a decree of the Workers' Compensation Commission. That decree affirmed the trial commissioner's decision denying the employee's petition for review based upon his finding that she failed to prove that her incapacity for work increased because of injuries sustained on February 1, 1974, for which she previously had received compensation.

The evidence shows that the employee worked for Leviton Manufacturing Co. (hereinafter, employer) as a machine operator. On February 1, 1974, while so employed, she injured her elbow and lower back as she placed a part into a folding box. As a result of these injuries, she became incapacitated for work. On August 27, 1974, the parties entered into a preliminary agreement that stated that the employee was totally disabled and entitled to benefits for total incapacity. The agreement described the nature and location of her injuries as "Epincondylitis[1] [sic] right elbow—Dorsal-Lumbar Strain."

In October of 1975, the parties entered into a consent decree in which they agreed that the employee's total incapacity had ceased but that she remained partially incapacitated and would receive payments for her partial incapacitation. On January 18, 1978, she filed a petition for review pursuant to G.L. 1956 (1968 Reenactment) § 28–35–45, alleging that her incapacity for work resulting from the injuries sustained on February 1, 1974, had increased.

At a hearing before the trial commissioner on December 6, 1978, the employee relied solely on the report and testimony of Dr. A. A. Savastano, who had examined her on

---

1. Dorland's Illustrated Medical Dictionary, 334 (24th ed. 1965), defines a condyle as "[a] rounded projection on a bone," an epicondyle as "[a]n eminence upon a bone, above its condyle," *id.* at 499, and epicondylitis as "[i]nflammation of the epicondyle or of the tissues adjoining the epicondyle of the humerus," *id.*

November 22, 1977. Doctor Savastano testified that relying on his examination, he considered the employee to be totally disabled for work and that he "felt" that his findings "were causally related to the alleged incident" which took place in 1974. He further testified, however, that he based his findings of total disability "mainly * * on the disability of the shoulder," which he had diagnosed as "periarticular fibrositis," [2] and that although the employee "also had complaints referable to her neck and her lower back," he thought that if those complaints "were present without the shoulder problem * * * she could do selected types of work" and would be only partially disabled. When questioned about the employee's elbow injury, Dr. Savastano testified that it also had healed or improved to the extent that it no longer disabled her.

The employer did not dispute that the employee's shoulder injury resulted from the February 1, 1974 accident or that she was totally incapacitated. In describing the nature and location of the employee's injury, however, the preliminary agreement made no reference to an injury to the shoulder, and the employee submitted no evidence at the hearing that her shoulder condition resulted from the injury to her elbow or from her dorsal-lumbar strain. The trial commissioner, finding that the employee therefore had failed to prove that her present incapacity for work had increased because of the injuries referred to in the preliminary agreement, denied her petition for review.

The employee appealed to the appellate commission. The commission affirmed the trial commissioner's decree, stating that its independent review of the record indicated that the employee's total incapacity was based "mainly on the disability of the shoulder," whereas the preliminary agreement mentioned only the right elbow and dorsal-lumbar injuries and the employee presented no evidence showing that her shoulder condition "flowed from or was related to" those injuries.

The employee contends that the trial commissioner erred because he overlooked or misconceived the attending physician's uncontradicted testimony which established that the shoulder ailment flowed from and was causally related to the disabling injuries described in the agreement executed by the parties in August of 1974. Additionally, she argues that because the appellate commission is confined to the record in reviewing the trial commissioner's decision, its reliance on standard dictionaries for the definition of the word "shoulder" was improper.

The employer, in turn, contends that the employee's present injury is not referable to those described in the preliminary agreement even though all of the injuries resulted from the February 1974 accident. The employer stresses that the employee failed to establish that the disabling shoulder condition was either connected or related to the elbow and lower-back injuries set forth in the preliminary agreement.

The issue before us is whether the record contains sufficient legally competent evidence to sustain the commission's finding that the employee failed to uphold her burden of establishing that her present disability resulted or flowed from the injuries for which she originally received compensation.

I

Section 28–35–45 provides for the review and modification of compensation decrees. It grants the Workers' Compensation Commission jurisdiction to review incapacity arising not only out of the injury or disease described in the original decree but also out of a different injury or disease that results from an injury or disease for which the employee was paid compensation. *Leviton Manufacturing Co. v. Lillibridge*, R.I., 387 A.2d 1034 (1978); *Provencher v. Glas-Kraft, Inc.*, 107 R.I. 97, 264 A.2d 916 (1970); *see Varin v. Lymansville Co.*, 88 R.I. 169, 143 A.2d 705 (1958).

2. An inflammatory multiplication or increase in the number of cells in the white fibrous tissue situated around a joint marked by pain and stiffness. *See* Dorland's Illustrated Medical Dictionary, *supra*, at 556, 706, 1124.

■ The burden of proving the allegations set forth in her petition for review lies with the employee. *Mastronardi v. Zayre Corp.*, R.I., 391 A.2d 112 (1978). She therefore must establish that her present disabling injury results from injuries identified in the preliminary agreement. Absent fraud, the findings of the Workers' Compensation Commission are binding and conclusive if supported by any legally competent evidence. *Leahey v. State*, R.I., 397 A.2d 509 (1979); *Leviton Manufacturing Co. v. Lillibridge, supra; Jobin v. American Drilling & Boring Co.*, 118 R.I. 480, 374 A.2d 799 (1977).

In the instant case, the record discloses that the preliminary agreement executed in August 1974 set forth the injuries "epincondylitis [sic] right elbow" and "dorsal-lumbar strain." Both parties agree, however, that the employee's present disability is caused by her shoulder. Indeed, the testimony of her physician, Dr. Savastano, indicated that her elbow and back problems had either healed or improved to the extent that they did not prevent her from working; without her shoulder ailment, he stated, she would be only partially disabled.

The employee asserts that because Dr. Savastano testified that he "felt" that the shoulder injury was "causally related to the alleged incident that took place in February" 1974, the trial commissioner misconceived or overlooked material evidence in finding that she failed to establish that the shoulder injury resulted from the injuries to the elbow and back listed on the preliminary agreement as required under § 28–35–45. Our review of the testimony and the entire record convinces us, however, that the employee's assertion is without merit.

■ We have stated on numerous occasions that a doctor must speak in terms of probabilities, not possibilities, when giving his or her opinion of an employee's ability to work. *Soprano Construction Co. v. Maia,*

R.I., 431 A.2d 1223 (1981); *Suffoletta v. Ricci Drain Laying Co.*, 113 R.I. 114, 319 A.2d 19 (1974). The record discloses that Dr. Savastano's testimony did not deal in probabilities, or even in possibilities. He merely said that he "felt" the injury was related to what had occurred in February of 1974.

■■ Moreover, even if Dr. Savastano had testified that the employee's shoulder injury probably was sustained in the February 1974 accident, absent testimony that her present disabling injury is related to or flows from the injuries described in the preliminary agreement, § 28–35–45 would not permit modification of the original decree on a petition for review. *See Provencher v. Glas-Kraft, Inc., supra; Varin v. Lymansville Co., supra; A.D. Juilliard & Co. v. De Conti*, 81 R.I. 260, 102 A.2d 116 (1954); *Peters v. Monowatt Electric Corp.*, 78 R.I. 134, 79 A.2d 922 (1951); *Meierovitz v. George A. Fuller Co.*, 75 R.I. 378, 67 A.2d 45 (1949). Because the preliminary agreement specifically described the injuries for which the employee first received compensation, the trial commissioner cannot consider a different injury sustained in the same accident on a petition for review under § 28–35–45 unless the claimant demonstrates that this injury resulted from an injury described in the preliminary agreement.[3] Without evidence linking a new injury to one for which the employee originally received compensation, § 28–35–45 does not apply; the employee's remedy would be an original petition for compensation based on the new injury. *Leviton Manufacturing Co. v. Lillibridge, supra; Manville Jenckes Corp. v. Lubinski*, 76 R.I. 36, 68 A.2d 107 (1949); *Meierovitz v. George A. Fuller Co., supra.*

## II

The employee further argues that the commission erred when it consulted diction-

---

3. If the original decree refers only generally to the location of the injuries for which it awards compensation, then a different injury in the same location resulting from the same accident may be considered. *Macedo v. Atlantic Rayon Corp.*, 81 R.I. 339, 103 A.2d 64 (1954); *Rhode Island Tobacco Co. v. Weintraub*, 81 R.I. 272, 102 A.2d 456 (1954); *Hanley v. Westminster Motors, Inc.*, 80 R.I. 22, 90 A.2d 762 (1952).

aries for the definition of the word "shoulder" because it relied on evidence not part of the record. We find this argument also without merit.

General Laws 1956 (1979 Reenactment) § 28–35–28 governs the appellate commission when it reviews a trial commissioner's decree. That section provides that the "members of the commission shall forthwith review the decree upon the record of the case and shall file a decision pursuant to the law and the fair preponderance of the evidence * * *." We have repeatedly held that the appellate commission is limited to the evidence in the record made before the trial commissioner in reviewing his decree, and that it lacks any authority to amend or enlarge that record. *Larose v. Warwick Brass Foundry, Inc.*, 97 R.I. 459, 198 A.2d 668 (1964); *United States Rubber Co. v. Dymek*, 87 R.I. 310, 140 A.2d 507 (1958).

We do not believe, however, that § 28–35–28 can be read so broadly as to preclude the commission from consulting a dictionary in determining the meaning of a word. Tribunals often consider dictionary definitions of words in determining their meaning, even if the meaning of the word is one of the disputed issues of the case. 6 Wigmore, *Evidence* § 1699 at 23 (Chadbourn rev. 1976). Indeed, standard English dictionaries are regularly cited on appeal for the definition of a word even though the dictionary was not admitted into evidence in the proceedings below. *See, e.g., Dantzler v. De Bardeleben Coal & Iron Co.*, 101 Ala. 309, 14 So. 10 (1893); *Simpson v. State Mutual Life Assurance Co. of America*, 135 Vt. 554, 382 A.2d 198 (1977); *Kimball & Fink v. Carter*, 95 Va. 77, 27 S.E. 823 (1897); *American Mutual Liability Insurance Co. v. Fisher*, 58 Wis.2d 299, 206 N.W.2d 152 (1973). We hold, therefore, that the commission did not enlarge the record of the case in violation of § 28–35–28 by consulting dictionaries for the definition of the word "shoulder."

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.