**Thadeus AMICK**

v.

**NATIONAL BOTTLE.**

**No. 83–545–Appeal.**

Supreme Court of Rhode Island.

April 30, 1986.

Raul L. Lovett, Lovett Schefrin & Gallogly, Ltd., Providence, for petitioner.

Bernard Boyer, Boyer Reynolds & De-Marco, Providence, for respondent.

## O P I N I O N

MURRAY, Justice.

This case involves an appeal by Thadeus Amick (employee) challenging a determination by the Workers' Compensation Commission that he is not entitled to receive payment for reasonable medical services from National Bottle (employer). The sole issue propounded before us originated from the following facts.

The record divulges that the employee has had a history of chronic back problems.

Sometime in October or November of 1979, the employee injured his back at home while attempting to lift a heavy sump pump in the cellar.

In January of 1980, the employee sustained further back injuries on two occasions during the course of his employment as a maintenance man at National Bottle. As a result of these physical mishaps, the employee underwent corrective surgery for a herniated-disc condition. Thereafter, on April 17, 1980, the employee and the employer entered into a preliminary agreement for workers' compensation. A review of this particular document indicates that the employee became incapacitated on January 11, 1980 due to a "back injury, pulled muscle" that he incurred on the previous day, January 10.

Approximately two years later, on January 5, 1982, the employee, who was still incapacitated and receiving workers' compensation, suffered yet another fall when he slipped on the stairs outside his home. The medical records disclose that while the employee was descending the steps, his left leg failed, causing him to plummet downward and injure his back, neck, left hip, and both wrists. The following week he experienced pain and numbness in his upper chest that extended into his right shoulder and right arm. In addition, he had trouble coordinating the operation of his fingers on his right hand.

At this juncture, the employee became increasingly depressed over his inability to cope with and overcome his physical incapacity. In an effort to resolve this problem, the employee went to see Dr. Bruno Franek, a psychiatrist, on January 26, 1982. According to Dr. Franek, the employee was suffering from acute and agitated depression that was directly attributable to the aforementioned physical traumas. In conjunction with this observation, Dr. Franek indicated that the employee felt useless because he was unable to support his family. During this initial visit, the employee admitted to having entertained suicidal

ideations, and in one instance he had actually instituted preparations to kill himself.

Following this encounter, the employee, in accordance with Dr. Franek's recommendation, was admitted to the Psychiatric Care Unit of Kent County Hospital on January 29, 1982. He remained hospitalized until his discharge on February 10, 1982. Once the employee left the hospital, he met with Dr. Franek on two more occasions, the last visit occurring on March 11, 1982.

On June 1, 1982, the employee petitioned the Workers' Compensation Commission to review the preliminary agreement with National Bottle, alleging that the employer had refused to pay for the costs of his psychiatric counseling and care as outlined above. At the hearing before the trial commissioner, Dr. Franek, the sole testifying witness, posited that the employee's severe mental depression was causally related to his successive back injuries and resultant physical disabilities. The trial commissioner, however, denied the employee's requested relief, citing the fact that his depressive reaction did not result or flow from the effects of his injuries on January 10, 1980, as described in the preliminary agreement between the parties. In response to this judgment, the employee appealed to the commission's appellate division. After reviewing the record and the evidence before it, the appellate commission determined that, according to Dr. Franek's testimony, a number of incidents had caused the eventual emotional problems experienced by the employee. The appellate commission added that Dr. Franek was unable to ascertain that the injury of January 10, 1980, was the sole contributing cause of the employee's depression. Pursuant to these determinations, the appellate commission found the employee's evidence to be unpersuasive and accordingly affirmed the trial commissioner's decision. As a result, the employee has appealed to this court.

■ The Workers' Compensation Commission has jurisdiction under G.L.1956 (1979 Reenactment) § 28–35–45 to review and grant relief for incapacity arising out of a different injury or disease than the one described in the preliminary agreement provided, however, that the former results from the latter. *Coletta v. Leviton Manufacturing Co.*, 437 A.2d 1380, 1382 (R.I. 1981). The burden of proving the allegations set forth in his petition for review lies with the employee. *Bissonnette v. Federal Dairy Co.*, 472 A.2d 1223, 1226 (R.I.1984). Hence, in order for the employee to receive compensation for the expenses pertaining to his psychiatric treatment, he must establish that his present mental injury results from the back injury described in the preliminary agreement. *Coletta*, 437 A.2d at 1383. In focusing upon this issue before us, we are mindful that the findings of the Workers' Compensation Commission, absent fraud, are binding and conclusive if supported by legally competent evidence. *Hughes v. Saco Casting Co.*, 443 A.2d 1264, 1266 (R.I.1982).

■ In his testimony, Dr. Franek unequivocally states that it was a sequence of physical traumas that precipitated the employee's mental depression. As noted previously, some of these traumas, which were not related to the workplace, preceded and postdated the employee's January 10, 1980 injury at National Bottle. It is incumbent upon the employee as the moving party to prove not only that he was mentally incapacitated, but also that such *incapacity was directly and exclusively referrable to the injury of January 10, 1980. Roy v. Great Atlantic & Pacific Tea Co.*, 101 R.I. 53, 57–58, 220 A.2d 512, 515 (1966); *Pimental v. S. Rubin, Inc.*, 92 R.I. 346, 350, 168 A.2d 463, 465 (1961). The appellate commission therefore correctly determined from a review of the evidence before it that the employee had failed to demonstrate that the injury of January 10, 1980, was the sole contributing cause of his severe depressive reaction. Consequently, the appellate commission did not err in denying the employee compensation for the cost of his psychiatric treatment.

Premising our conclusion upon the reasons and authorities enunciated herein, we

deny and dismiss the employee's appeal. We affirm the decree of the appellate commission, and remand the papers to the said commission.