HERBERT CHAMBERLAIN *vs.* BROWN & SHARPE MANUFACTURING COMPANY.

JANUARY 18, 1961

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an employee's petition under the workmen's compensation act for review of his incapacity and to amend the agreement. After a hearing before a single commissioner, a decree was entered denying and dismissing the petition on the ground that the workmen's compensation commission had no jurisdiction to amend or review a nonprejudicial preliminary agreement. The employee appealed therefrom to the full commission which, after a hearing, entered a decree upholding the single commissioner and denying and dismissing the petition. From such decree the petitioner has appealed to this court.

The petitioner sustained a low back strain arising out of and in the course of his employment with respondent on January 28, 1957 while unloading a truck containing sheets of metal and bags of clay. The parties on March 12, 1957 signed an agreement under G. L. 1956, §28-35-8, which reads as follows: "Agreements without prejudice. — If the agreement provides for the payment of compensation for a period not exceeding three (3) months, and such agreement is approved by the director of labor and a copy thereof filed with the clerk of the workmen's compensation commission, the agreement and any action taken pursuant thereto shall be without prejudice to any party thereto to maintain after its expiration any position as to the employer's liability for payments under chapters 29 to 38, inclusive, of this title maintainable in the absence of the agreement."

Under this agreement compensation was paid for three weeks. The petitioner returned to work on February 25, 1957 at his regular wage and a compensation suspension

agreement and receipt was signed by the parties on March 13, 1957.

The petitioner filed six reasons of appeal but they all result in a single question. Was there jurisdiction to review the nonprejudicial preliminary agreement of March 12, 1957?

In the more usual preliminary agreement the employer by signing the agreement admits that the employee has suffered an injury which is compensable under the workmen's compensation act and agrees to payments of compensation for an indeterminate period during incapacity limited only by provisions of the act. If the employer is unwilling to enter into such an agreement, and the employee's petition for compensation is heard by a commissioner and a decision given in his favor, a decree is entered which is a determination that the employee had suffered a compensable injury. In either instance the result is the same, that is, it has been established that the employee has suffered a compensable injury either through agreement or the finding of a competent tribunal. Such fact, however reached, may be reviewed to determine whether the incapacity of the employee "has diminished, ended, increased or returned, or that the weekly compensation payments have been based upon an erroneous average weekly wage." G. L. 1956, §28-35-45.

In the instant case the employee is seeking a review of a so-called nonprejudicial agreement wherein the employer has agreed to pay a weekly sum to the employee for a limited period but without being bound on the question whether he actually sustained a compensable injury. This agreement, in other words, has not established that the employee has suffered such an injury. No fact has been thereby determined which is susceptible of review.

The petitioner, in contending that he has a right to a review of the agreement under which he was paid compensation, points to the language found in the suspension agree-

ment of March 13, 1957 and to G. L. 1956, §28-35-45. The agreement is entitled: "Compensation Suspension Agreement And Receipt." Below the title are the words: "Signing This Agreement Means That Compensation Payments Are Discontinued. However, This Agreement May Be Reviewed And Reopened In Accordance With Article III, Section 13 of The Workmen's Compensation Act If The Employee Again Becomes Disabled From The Injury."

Section 28-35-8 became a part of the workmen's compensation act by P. L. 1954, chap. 3297, sec. 1. The reference in the suspension agreement of March 13, 1957 is to G. L. 1938, chap. 300, art. III, sec. 13. Both the nonprejudicial agreement of March 12, 1957 and the suspension agreement of March 13, 1957 were written and signed on forms not adapted to such an agreement and receipt, and the printed language thereon is not adapted to the agreement entered into by the parties. If petitioner was misled by the language of the suspension agreement, it is to be regretted but such misconception does not change the law.

The language of §28-35-45, upon which petitioner relies and which provides for review, contains the words "any agreement * * *." However, a nonprejudicial agreement obviously does not come within those provisions, since by its very terms it is limited to a period of three months and not by the employee's incapacity except as the latter may be limited by provisions of the act.

We are of the opinion there was no error in the decree of the commission.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Hector D. Laudati,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.