JOHN PIMENTAL *vs.* S. RUBIN, INC.

MARCH 21, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an employee's original petition seeking compensation for incapacity for work allegedly resulting from an injury arising out of and in the course of his employment with the respondent, connected therewith and referable thereto. It was heard by a single commissioner who found that petitioner had failed to sustain the burden of proof and entered a decree accordingly. The cause is before us on the petitioner's appeal from a decree of the full commission affirming the decree of the single commissioner.

The record discloses that on August 12, 1957 while petitioner was engaged in loading respondent's truck with cases of beer he sustained an injury subsequently diagnosed as "myofascial strain of the right erector spinae spasm group of muscles, in acute phase." It is undisputed that petitioner was in the employ of respondent and at the time of his injury was engaged in his regular occupation. Within the hour of petitioner's mishap he was taken to Dr. Rozzero and that evening to St. Joseph's Hospital where he was confined for a period of five days. It further appears that as a consequence of petitioner's injury, a nonprejudicial preliminary agreement was entered into with respondent awarding petitioner thirteen weeks' compensation for total disability from the date of the injury to November 12, 1957.

The record further discloses that on August 20, 1957 petitioner consulted and was examined by Dr. A. A. Savastano,

and for the period of about a month received heat treatments from the latter's nurse but was not thereafter examined by Dr. Savastano until April 15, 1958. He was again examined by Dr. Savastano on July 3 and November 5 of that year, but not thereafter until May 15, 1959, at which time the hearing on his petition was pending before the single commissioner.

The petitioner testified that he did not return to his employment with respondent and gave as his reason therefor that as the last man to be employed he would be required to do heavy labor, loading and unloading trucks. He did, however, attempt to obtain employment elsewhere and failing in this purchased a truck tractor in December 1957 to go in business for himself. It is petitioner's testimony that while thus self-employed he made several trips to Canada transporting heavy loads of hay, and two trips to Philadelphia and New York transporting tomatoes and fruit. He further testified that he never fully recovered from the injury to his back on August 12, 1957 and that during the time he was self-employed he was more or less in constant pain which, during long hauls, became excruciating. In this connection he added that on such trips it was necessary for him to rest at least two hours out of every six he was on the road.

Doctor Savastano testified in effect that from the first time he saw petitioner his patient never fully recovered and that his incapacity ranged between total and partial, depending on the extent of petitioner's activity. The doctor's testimony on cross-examination, however, is of probative significance when considered in the light of the single commissioner's decision. He testified that the average myofascial strain lasts from three to six months although there are exceptions to the rule and added, "Again I wish to say that I think the driving has prolonged his original inception of his strain."

He stated he had cautioned the petitioner at all times to refrain from driving for extended distances and from driving heavy trucks. Doctor Savastano further testified that the work which constituted petitioner's self-employment would prove deleterious, and when asked, "And, in a point of fact, doctor, it would be an aggravation would it not?" he responded, "Well, I think it would aggravate his condition, yes."

Despite his opinion that petitioner never fully recovered from the August 12, 1957 injury, the doctor, when asked, "You don't know, doctor, do you, whether he was completely totally disabled, partially disabled, or not at all disabled in October of 1957?" answered, "I don't know what his condition was on any of the days except in the days which I examined him."

The single commissioner's findings are that the petitioner sustained a compensable injury on August 12, 1957; that his incapacity was total from August 12 to November 12, 1957; but that "The petitioner has failed to prove that since November 12, 1957 he has been incapacitated for work, in whole or in part, by reason of the injury sustained on August 12, 1957."

The petitioner assigns as his reasons of appeal that the decree is against the law, against the evidence, against the law and the evidence and the weight thereof in that the full commission misconceived the law as to petitioner's burden of proof; that it ignored petitioner's unimpeached and uncontradicted evidence; that it predicated its decision on inferences improperly drawn; and that it failed to apply the fair preponderance rule.

The petitioner's reasons of appeal are embraced within two conceptions of error, namely, that all of the evidence and proper inferences to be drawn therefrom clearly establish that petitioner was currently incapacitated for work as a result of the accident of August 12, 1957 and that the full commission failed to apply the fair preponderance rule

as provided by G. L. 1956, §28-35-28. We are of the opinion that petitioner's appeal is without merit.

Assuming that incapacity for work existed at the time petitioner filed the instant petition, it was incumbent upon him as the moving party not only to prove the existence of such incapacity but to prove as well that his incapacity was directly and exclusively referable to the injury of August 12, 1957. The nature of the proof required necessarily contains an inherent negation, at least by inference, of the likelihood that current incapacity is the result of an intervening original or any aggravating cause. Conversely, if the evidence adduced before the single commissioner raises a question of such an intervening cause, it is possible that inferences may be drawn which tend to militate against a finding that the incapacity is directly and exclusively referable to the injury relied upon.

There is no question here of the right of an employee to recover compensation for the aggravation of a pre-existing injury, since it is undisputed that the aggravation was occasioned by the nature of the work in which the petitioner was self-employed. Here the petitioner may prevail, if at all, only on a history of continued or recurring incapacity absent the intervention of an original or aggravating independent cause. It was his burden to establish such continued or recurring incapacity and this the single commissioner found he had failed to do.

It is well settled that if there is any evidence upon which findings are based we cannot weigh it, in the absence of fraud. Whether any such evidence exists, however, is a question of law and for that purpose the findings are open to review by this court. *Jillson* v. *Ross,* 38 R. I. 145.

In this connection, therefore, the issue before us is whether or not any such evidence or proper inferences therefrom are apparent from the record so as to justify the decision of the single commissioner that petitioner had not estab-

lished a present incapacity resulting from the injury of August 12, 1957.

We are of the opinion that the testimony of Dr. Savastano and petitioner's apparent disregard of medical attention for extended and unexplained periods reasonably support a finding that any present incapacity was the result of an intervening aggravation brought on by petitioner's self-employment.

Questions of fact are not necessarily or exclusively affirmative in their nature, but may be negative in character such as in the instant case where petitioner, attempting to prove at the hearing in May 1959 that he had not recovered in November 1957, nevertheless neglected at that time to register any complaint or seek any medical assistance. This neglect, in the first instance, for almost six months coupled with self-employment of a nature which his attending physician testified would aggravate the pre-existing condition, and similar apparent indifference thereafter until 1959, raised proper inferences upon which the single commissioner could reach his conclusions.

In rendering his decision, the single commissioner stated, "I do not believe that the petitioner has sustained the burden of proving that any disability which he suffered after November of 1957 was due to the injury sustained on August 12th, 1957. It is clear that the petitioner bought a new truck, or tractor, in February 1958. It is reasonable to infer that at that time he felt well enough to drive the tractor and to load and unload the trailer as occasion required. If, instead of becoming self-employed, he had entered the employ of another employer, there is no question that if he subsequently became disabled he would have alleged, and quite properly so, that the work for the new employer aggravated his weak back and caused his disability."

The petitioner argues, however, that a reading of the transcript clearly discloses that the full commission failed to consider the fair preponderance of the evidence in re-

viewing the record on which it affirmed the decree of the single commissioner. There is no merit in this contention. We have carefully reviewed the decision of the full commission and it is apparent therefrom that the commission was cognizant of and obedient to its duty. The decision includes a review of the evidence and the commission's reaction thereto. It properly notes the advantage of the single commissioner in observing the witnesses when passing on the question of credibility.

It is not the province of this court to consider the sufficiency of a review by the full commission if it is apparent from the decision that the commission understood its duty and did it. The findings of the single commissioner have been sustained by the full commission on review and we cannot say that they were without legal justification.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Baker & Sundlun, Walter I. Sundlun,* for petitioner.

*Fernand J. St. Germain, Vincent J. Chisholm,* for respondent.