JAMES V. COPPA *vs.* M. A. GAMMINO CONSTRUCTION COMPANY.

JUNE 18, 1962

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is an original petition for compensation and medical and hospital benefits under the workmen's com-

pensation act. After a hearing before the trial commissioner a decree was entered denying and dismissing the petition. The case is before us on the petitioner's appeal from the decree of the full commission affirming the decree of the trial commissioner.

The petitioner was employed by respondent for approximately eighteen years. This petition is based on an incident which he claims occurred in the course of his employment on a construction job in Cranston in August 1959 while he was working on an aggrameter. In order to reach the controls of this machine it was necessary to climb a spike ladder.

The petitioner testified that while climbing the ladder his right foot slipped from one spike to the spike below; that he felt a pain in his back at the time; that he continued to work that day and the next; that a fellow employee and a truck driver saw the incident; that he did not report it to the foreman on the job; and that two days later he was transferred to a job in East Providence. He further testified that he reported to the East Providence job and told respondent's general superintendent, Themistocles Faraone, of the Cranston incident; that he also said he could not perform certain work assigned to him because his back was bothering him; and that after telling Mr. Faraone that he needed some time off from work, he left the job.

Mr. Faraone, who was called as a witness by petitioner and corroborated petitioner's testimony in respect to the conversation with him, also testified that he advised him to take a few days off and to consult a doctor. He did not see petitioner again until October or November of 1960.

Although petitioner's testimony that he was injured in August 1959 is uncontradicted by any direct evidence, the medical and hospital records in evidence contain no reference to the alleged injury. Notwithstanding the fact that he was under medical and hospital care almost continuously

from August 1959 to June 1960 when he underwent surgery for a ruptured intervertebral disc, he never mentioned the incident on which he bases the instant action to any of the doctors who examined and treated him. The medical and hospital records contain statements by petitioner referring to a back injury which occurred twenty years previously. The medical records also reveal that in 1940 he had received treatments for a back condition diagnosed as a spondylolisthesis and that he had worn a spring brace on his back for some months at that time.

The petitioner does not attack the correctness of the medical records, but he attempts to explain his failure to mention the alleged incident by the mere assertion that he was never asked whether he had sustained a job-connected injury. He called Dr. Louis Sage as a witness and he testified, in reply to a hypothetical question, that in his opinion petitioner's disability "could result from such an injury," meaning the August 1959 incident. The respondent presented the testimony of Dr. Frederick J. Fay who stated, in reply to a hypothetical question, that in his opinion petitioner's disability was caused by his pre-existing spondylolisthesis.

On the basis of the record before them the commission found that petitioner had failed to prove by a fair preponderance of the credible evidence that he sustained any personal injury arising out of and in the course of his employment with respondent, connected therewith and referable thereto, in August 1959. The principal question presented on this appeal is whether the evidence supports this finding.

We shall first discuss briefly petitioner's contention that Dr. Fay's opinion testimony was not legally competent. We have carefully examined the record to ascertain whether the hypothetical question put to him was based on the evidence. We are satisfied that the facts contained in the

question were all in the evidence. In the circumstances this contention is without merit.

A careful reading of the record clearly shows that the commission gave little if any weight to petitioner's testimony with respect to the injury which he claimed he sustained in August 1959. Apparently in their opinion the following facts must have weighed against petitioner: the absence of any reference in the medical records to the August 1959 incident, the presence in such records of a history of an old back condition, the presence in one of the hospital records of a statement by petitioner that he was not injured on the job, and his failure to call as witnesses a person or persons who he testified saw him slip on the ladder.

In our opinion the decree is supported by the evidence. Under the act the weight thereof is a question for the commission to determine. Being based upon some legal evidence, the decree of the commission cannot be disturbed by this court. *McCoy* v. *Cataldo,* 90 R. I. 365, 158 A. 2d 271.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Edward I. Friedman, Howard I. Lipsey,* for petitioner.
*Joseph A. Kelly,* for respondent.