ANTONIO ZACCARIA *vs.* PARAGON WORSTED CO.

MARCH 28, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an employee's petition to review a preliminary agreement under the workmen's compensation act. The case was heard by a trial commissioner who entered a decree denying and dismissing the petition. This decree was affirmed by the full commission and the case is before us on the petitioner's appeal from such decree.

The petitioner while working for respondent received an injury to his left shin on July 24, 1959. An ulcer developed which incapacitated him for work commencing on August 19, 1959. He remained out of work until October 26, 1959 and was paid compensation under a preliminary agreement entered into on August 31, 1959. Thereafter he worked from October 26, 1959 to March 2, 1961. The petitioner had had varicose veins for two or three years prior to this injury.

In May 1961 petitioner filed a petition to review the preliminary agreement and on September 14, 1961 a decree was entered denying and dismissing the petition.

In November 1961 an ulcer appeared on petitioner's left leg approximately three and one-half inches above the old injury. On January 23, 1962 petitioner filed a second pe-

tition, the one now before us, to review the preliminary agreement. The petitioner claims the ulcer of November 1961 to be causally connected to the injury of July 24, 1959. This is denied by respondent.

At a hearing on the merits of the present petition in February 1962 petitioner testified, and at the conclusion of his testimony the trial commissioner suggested an examination by an impartial examiner, Dr. Lester L. Vargas, to which there was no objection.

At a subsequent hearing on March 8, 1962 a report of petitioner's physician, Dr. Francis P. Catanzaro, was introduced which stated that there was a causal connection between the ulcer of November 1961 and the original injury of July 24, 1959. A week later at the March 15 hearing the report of respondent's physician, Dr. Charles J. Ashworth, was introduced. This, too, stated that there was a causal connection between the ulcer of November 1961 and the original injury. The report of Dr. Vargas dated February 14, 1962 stated: "In my opinion the present ulcer is in no way related to the injury."

The trial commissioner found in favor of respondent and on March 28, 1962 a decree was entered denying and dismissing the petition. The decree contained the following finding: "That the petitioner has failed to prove by a fair preponderance of the credible evidence that any incapacity for work which he had subsequent to November, 1961, was due to an injury sustained on July 24, 1959, which injury was the subject of a preliminary agreement between the parties dated August 31, 1959.

The petitioner in his reasons of appeal to this court has listed eight reasons. He has stated in his brief two questions for argument. It is not wholly clear to us that these two questions are included in the eight questions listed as his reasons for appeal. Because of some doubt we will consider them. They are:

"1. Did the Commissioner have authority to order an impartial examination?

"2. Was Dr. Vargas' report based on an erroneous medical history?"

At the hearing on March 8, 1962 the commissioner asked counsel if it was agreeable that the report of Dr. Vargas, the impartial examiner, be introduced into evidence and both counsel answered in the affirmative. The petitioner's counsel now raises the question of the authority to order an impartial examination.

On February 12, 1962 at the conclusion of an examination of petitioner, the commissioner said, "I suggest that we send Mr. Zaccaria back to Dr. Vargas for an opinion on this new ulcer, is that agreeable?" It does not appear that there was any dissent to such course. An examination of petitioner was made by Dr. Vargas on February 13, 1962.

Counsel now raises a question of the authority of the commissioner to order an impartial examination. In addition to the authority contained in G. L. 1956, §§28-33-35 and 28-35-24, authority for such examination is also given by §28-35-22, which states:

> "Inspection of premises—Examination of Wage records—Medical examinations.—The workmen's compensation commission may * * * from time to time direct any employee claiming compensation to be examined by an impartial physician; the testimony so taken and the results of any such inspection or examination, to be reported to the workmen's compensation commission for its consideration upon any hearing."

There can be no question of the right of the commissioner to order an examination of petitioner by Dr. Vargas.

Counsel's second question as to the basis of Dr. Vargas' report appears to arise because of the doctor's statement, referring to Zaccaria's condition, that the original ulcer completely healed. The petitioner's contention appears to be that the original ulcer never completely healed. There is

ample evidence to the contrary. In his testimony before the commissioner on February 12, 1962, when asked if the skin on his leg ever completely healed, he replied, "Yes, it did." In cross-examination he was asked, "Had that ulcer [referring to the old ulcer] since completely healed," and he replied, "That healed, yes."

In Dr. Vargas' report of his examination of petitioner made on February 13, 1962, the following appears: "As I stated before, it is my opinion that the original ulcer, which formed during the injury of July 24, 1959, was the direct result of the injury. Since it healed completely, the subsequent ulcerations of the left leg were the result of the varicose veins. In my opinion the injury did not aggrevate the state of his varices; and since ulcers are part of the natural history of varicose veins, it is illogical to attribute all subsequent ulcers to the original injury. In my opinion the present ulcer is in no way related to the injury."

In this case it is apparent that qualified doctors differed as to whether a recent ulcer was a recurrence of a former condition or was in every sense a new ulcer. The commissioner who heard the case evidently felt that the evidence, that the present ulcer from which the petitioner was suffering was a new ulcer and not a recurrence of the first ulcer, was more convincing. This was also the view of the commissioners who heard the appeal.

Since there is ample evidence to sustain the finding of the commission, the petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*John R. Cosentino,* for petitioner.

*Boss, Conlan, Keenan, Bulman & Rice, H. Eliot Rice,* for respondent.