249 A.2d 657.

RAYMOND REDFEARN *vs.* THE PAWTUXET VALLEY
DYEING COMPANY, INC.

JANUARY 29, 1969.

PRESENT: Roberts C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. These are cross appeals from a final decree of the workmen's compensation commission reversing in part the decree of a single commissioner, from which latter decree the respondent appealed to the full commission.

It appears from the record that on August 27, 1964, petitioner sustained an injury to his back while engaged in his regular duties as an employee of respondent. The following night he consulted Dr. Eugene A. Cozza, an osteopathic physician, who treated him on four occasions between August 28, 1964, and the following September 5. On this latter date Dr. Cozza referred petitioner to Dr. J. Brendan Wynne, an osteopathic physician and a qualified orthopedic surgeon. Dr. Wynne first saw petitioner in the accident room of the Osteopathic General Hospital, to which petitioner was admitted on the same day, namely September 5, 1964. For the next nine or ten days, petitioner's treatment at the hospital consisted of bed rest and traction. An x-ray examination having proved positive, Dr. Wynne performed a "lumbar laminectomy, an excision of the herniated nucleus pulposus," on September 14, 1964.

It further appears that petitioner was discharged from the hospital on September 21, 1964, but was unable to return to work until November 16, 1964. Two days later, November 18, 1964, respondent and petitioner entered into a nonprejudicial agreement pursuant to the provisions of G. L. 1956, §28-35-8. By the terms of this agreement, petitioner was to receive compensation[1] for total disability for a period not to exceed thirteen weeks and commencing August 31, 1964. The respondent paid $40 weekly for eleven weeks, and, the record indicates, paid hospital bills. It refused to pay the bills of Drs. Cozza and Wynne for the medical services they rendered to petitioner. As a conse-

---

[1]General Laws 1956, §28-33-1 provides that an employee sustaining a work-connected injury *"shall be paid compensation,* as hereinafter provided," (emphasis ours.) In construing "compensation" this court has made clear that the word, as thus used, encompasses reasonable bills for medical and hospital services, as well as weekly dollar payments in lieu of wages. *Henry* v. *American Enamel Company,* 48 R. I. 113, 136 A. 3; *Harding* v. *Imperial Printing & Finishing Co.,* 45 R. I. 390 123 A. 81; and *Atlantic Rayon Corp.* v. *Macedo,* 73 R. I. 157, 53 A.2d 756.

quence, each doctor filed a petition in his own name, seeking a workmen's compensation commission adjudication of the employer's responsibility for the medical services rendered to the instant petitioner.

The doctors' petitions were consolidated for hearing before a single commissioner who entered a decree in each cause ordering payment for the services performed. From these decrees, respondent appealed to the full commission, which entered decrees reversing the single commissioner on the jurisdictional ground that the workmen's compensation act does not authorize the bringing of petitions by doctors in their own names. From those decrees, the petitioners appealed to this court and we denied and dismissed the appeals, affirming the decrees of the full commission. See *Wynne* v. *Pawtuxet Valley Dyeing Co.*, 101 R. I. 455, 224 A.2d 612.

Our opinion in those cases was filed December 5, 1966. The record in the instant cause discloses that petitioner then personally paid Dr. Cozza's bill of $153 on December 12, 1966, and Dr. Wynne's bill of $435 on December 15, 1966. One week later, specifically December 22, 1966, Redfearn filed the instant employee's original petition seeking reimbursement of the aforesaid medical bills paid by him.

After a hearing thereon, a decree was entered by a single commissioner ordering reimbursement as prayed, witness fees of $50 each to Drs. Cozza and Wynne for their testimony in connection with the instant petition and a counsel fee of $250 to petitioner's attorney. From this decree respondent seasonably appealed to the full commission. A majority of the members of the full commission reversed the single commissioner on the question of reimbursement but affirmed the award of witness and counsel fees. A new decree was accordingly entered and both parties appealed to this court.

The respondent's appeal is from that part of the full commission's decree sustaining the single commissioner's

award of witness and counsel fees. In support thereof, respondent contends that these awards were contrary to law in that the sole issue presented by the employee's original petition was the employee's right to reimbursement. The petitioner not having been successful in this regard, respondent argues the award of a counsel fee was contrary to the provisions of §28-35-32, as amended. Similarly, respondent argues, that it at all times admitted that petipetitioner's injury of August 27, 1964, was work-connected; hence, the testimony of Drs. Cozza and Wynne was unnecessary.

These contentions lacking merit, respondent's appeal is denied and dismissed. Having been duly notified by petitioner of the August 27, 1964 injury, respondent could have entered into a preliminary agreement, thereby acknowledging that the injury was compensable. The respondent, however, chose to enter into a nonprejudicial agreement and thus preserve its right to subsequently deny compensability. See *Chamberlain* v. *Brown & Sharpe Mfg. Co.*, 92 R. I. 132, 167 A.2d 237. Denied the adjudication of compensability that a preliminary agreement would have afforded, *Carpenter* v. *Globe Indemnity Co.*, 65 R. I. 194, 14 A.2d 235, the establishment of petitioner's injury as compensable necessitated the bringing of the original petition. It is elementary that successful prosecution of the petition might well depend upon medical testimony. The calling of the two doctors who treated petitioner could have been obviated by respondent's entering into a preliminary agreement if, as it now contends, it has always been willing to concede that petitioner's August 27, 1964 injury was work-connected. The transcript discloses that at the outset of the hearing, respondent conceded that petitioner was its employee on August 27, 1964, and was injured on that date. It also discloses, however, that respondent suggested that the petition was barred by the statute of limitations and included this position among its reasons of appeal to the full

commission, a position somewhat inconsistent with its present suggestion that it was at all times willing to concede that the injury was compensable. An employer who deems it advisable not to enter into a preliminary agreement, thus necessitating the bringing of an original petition by its employee may not, after such employee has taken steps to prove his petition, avoid witness and counsel fees by appearing at the hearing and claiming that such steps were not necessary.

The petitioner's appeal is not so readily resolved. The full commission denied reimbursement on the grounds that, from their examination of the record, neither Dr. Cozza nor Dr. Wynne had complied with the requirements of §28-33-8, as amended. This section relieves an employer, and/or its carrier and the employee from liability for medical services performed by a doctor who fails to give "* * * written notice of the employee's choice to the employer within fifteen (15) days after the beginning of the services or treatment and shall as often as every two (2) months thereafter while the services or treatment continue in writing present to the employer a signed progress report of the employee's condition and a bill for services to date, and shall in writing present to the employer a final bill for all unpaid services or treatment within three (3) months after the conclusion thereof."

Before entering their final decree, the full commission referred the bills of Dr. Cozza and Dr. Wynne to the medical advisory committee for a determination of reasonableness, the failure of the single commissioner to have done so being one of respondent's reasons of appeal. The medical advisory committee reduced Dr. Cozza's bill to $150 and found $395 reasonable in the case of Dr. Wynne for services rendered through September 17, 1965.

In reaching the decision on which their final decree was predicated, the full commission found as a fact that neither doctor had complied with §28-33-8, as amended; had both

thereby lost their rights to be paid for their services; and that as a consequence, petitioner's voluntary payment of their respective bills was a gratuity for which he was not entitled to be reimbursed.

The full commission also found that Dr. Wynne was not entitled to be compensated for the lumbar laminectomy, in any event, on the further ground that he admitted this to be major surgery for which no permission had been given, as required by §28-33-5, as amended.

In support of his appeal, petitioner assigns as error a total of seven reasons, only three of which need be considered. These are: (1) that the full commission erred as a matter of law in overlooking the effect of the nonprejudicial agreement of November 18, 1964, in light of the time period within which the services of Drs. Cozza and Wynne were performed; (2) that the full commission erred as a matter of law in holding that §28-33-5, as amended, and §28-33-8, as amended are applicable to the undisputed facts as found by the commission; and (3) that by reason of their errors in these regards, the full commission erred in denying petitioner reimbursement. No extended discussion is necessary to demonstrate the correctness of petitioner's position with regard to the latter reason if it be decided that the commission erred in respect to the first two reasons.

Said first reason of appeal challenges the full commission's interpretation of the nonprejudicial agreement. The petitioner argues, and we believe rightly so, that while by the execution of the nonprejudicial agreement respondent protected its right to contest the reasonableness as to necessity and cost of the services performed by Dr. Cozza and Dr. Wynne, it nevertheless otherwise agreed to be responsible for services performed by the two doctors within the period covered by the agreement. Specifically, we are persuaded that as to hospitalization, medical services rendered and major surgery performed prior to the execution of a nonprejudicial agreement, but within the period covered

thereby, an employer waives its rights to consent for major surgery and notice under §§5 and 8 respectively of chap. 33, title 28. On their independent examination of the record, the full commission found that the services performed by Dr. Cozza and Dr. Wynne were reasonable and necessary to cure, rehabilitate or relieve petitioner from the effects of his injury.

As heretofore noted, the compensation that an employer is required to provide an employee sustaining a work-connected injury includes reasonable medical services. Hence, an employer who enters into a nonprejudicial agreement to pay compensation for a specified limited period of time, although not conceding that the injury was work-connected, nevertheless agrees to be liable for the payment of those medical services performed prior to the agreement and within the period covered by the agreement, subject to his right to later contest the necessity of such services and the reasonable cost therefor. In the event of such challenge, the employee, of course, has the right to have the issue resolved by the filing of an original petition.

Applying this rule to the established facts in the instant record, we note that all of Dr. Cozza's services, except the first two visits of August 28 and 30, 1964, were rendered within the thirteen weeks and prior to the agreement of November 18, 1964. The full commission, having found Dr. Cozza's services reasonably necessary to cure, rehabilitate or relieve petitioner, respondent is liable in the amount of $136, and petitioner entitled to reimbursement in that amount. Concerning the two visits not within the period covered by the agreement, no notice having been given as required by §28-33-8, as amended, petitioner was not entitled to reimbursement therefor and his second reason of appeal is without merit as it relates to these two visits.

Turning to Dr. Wynne, it is undisputed that the surgery as well as hospital visits before surgery were all prior to the signing of and within the period covered by the agreement.

The charge for such services totaled $390. The medical advisory committee to whom the bill was referred found the $350 surgery bill reasonable, but advised the commission that the $40 for pre-surgery hospital visits was not a usual charge. They further advised that the $5 per visit for post-surgery treatment was certainly reasonable. On this information, the full commission found $395 to be reasonable as well as necessary to cure, rehabilitate or relieve petitioner. The surgery was performed within the period covered by the agreement and prior to the signing thereof, hence services for which petitioner was entitled to be reimbursed. Moreover, concerning Dr. Wynne's total bill paid by petitioner, it is to be noted that $45 was for medical services of a post-operative nature, performed subsequent to the expiration of the nonprejudicial agreement. However, as to these services, the commission found that respondent had actual knowledge that Dr. Wynne was treating petitioner. In *Palumbo* v. *United States Rubber Co.*, 97 R. I. 20, 195 A.2d 238, this court held to the extent that an employer was in possession of pertinent knowledge of the necessity for medical treatment and the reasonableness of the cost thereof, compliance with §28-33-8, as amended, was excused. In the instant cause, a representative of respondent's carrier called on petitioner at the hospital on the day following surgery. Doctor Wynne provided said carrier with a medical report on or about September 23, 1964, and a monthly statement thereafter until advised by the carrier to stop sending them. Thus, since all of Dr. Wynne's services found by the commission to be reasonable and necessary were either performed within the period covered by the agreement or were services of which respondent had actual knowledge, petitioner's first two reasons of appeal are meritorious as they relate to Dr. Wynne, and petitioner is therefore entitled to reimbursement in the amount of $395.

The petitioner's appeal is sustained, the decree of the full commission is modified to include reimbursement for the medical expenses paid by petitioner as herein set forth.

Furthermore, the petitioner, having prevailed on his appeal here, is entitled to a fair and reasonable counsel fee under the provisions of §28-35-32, as amended. He shall present a motion for such fee together with a certificate by his counsel showing the services rendered in preparing and prosecuting the appeal in this court. Upon the presentation of such motion and certificate, costs for such counsel fee shall be fixed by this court, after a hearing on the question of the fairness and reasonableness of such fee. The cause will then be remanded to the workmen's compensation commission for further proceedings not inconsistent with this opinion.

*Carroll, Kelly & Murphy, Joseph A. Kelly,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer,* for respondent.