270 A.2d 84.

WILLIAM J. ROSSI *vs.* BLUE RIBBON BEEF CO., INC.

OCTOBER 23, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an employee's petition to review a preliminary agreement which seeks amendment of said agreement as well as to obtain reimbursement of medical expenses. The cause is before us on the employee's appeal from a final decree of the Workmen's Compensation Commission, which affirmd the decree of a single commissioner denying and dismissing the petition.

The record establishes that petitioner sustained a compensable injury on July 22, 1963, as a result of which he was hospitalized some three to five months. Thereafter, specifically on September 9, 1963, the parties entered into a preliminary agreement which was subsequently amended on January 8, 1964. The effect of this amendment was to establish that petitioner's incapacity for work had become partial. Both such agreements set forth petitioner's injuries as follows: "Hemopneumothorax, right chest, fractured 4th, 5th, 6th 7th 8th R. Ribs, fracture right ankle, trimalleolar, extensive Lac.R. knee including joint capsule, extensive lac. R. Hand."

It is of material significance to note that neither the original nor amended agreement makes mention of any injury to the mouth, jaw or even head.

The record further establishes that on June 14, 1964, some eleven months after the accident, and at least six months subsequent to his discharge from the hospital, petitioner engaged the services of Dr. Joseph G. Fishbein, a practicing dentist for some 50 years. The doctor had rendered dental services to petitioner in 1958 and each six months thereafter. It appears that the work performed in 1958 would be characterized as major, in that it consisted of rehabilitating petitioner's mouth and teeth. The six month visits thereafter were apparently for routine check and cleaning.

However, the June 14, 1964 work, although designed only to provide temporary relief, was to repair damage to the rehabilitation of 1958. Further, so-called temporary work was performed in October of 1965 and September 1966. In 1967, however, it was decided that major rehabilitation was again necessary and on May 26 of that year respondent employer's carrier was advised that such work was to be performed. Further, petitioner's counsel by letter requested advice of said carrier as to whether the proposed rehabilitation would meet with its approval. This communication was ignored by respondent's insurer.

In any event it appears that beginning about June 1967, and through a total of eight visits, the rehabilitation work was performed by Dr. Fishbein, for which the doctor was paid the sum of $1,875 by petitioner.

On October 18, 1967, the instant petition was filed with the Workmen's Compensation Commission. The petition is a form furnished by the commission and so designed as to accommodate request for multiple and diverse claims. Among these are:

"5. My employer refuses to provide or pay for necessary medical services, etc., as provided by General Laws, 1956, Sec. 28-33-5 and 28-33-8.

"9. The compensation agreement or decree does not accurately and completely set forth and describe

the nature and location of all injuries sustained by me. Said agreement or decree should be amended so that the nature and location of my injuries would read as follows."

Only the claim designated number five on the petition was checked, but it is petitioner's contention, in essence, that failure to check the provision for review was a mere oversight which could have been corrected at the hearing before the single commissioner. In the view we take of the dispositive issue of the instant appeal, this contention requires no consideration.

The thrust of petitioner's case is that the damage to his mouth and teeth which required dental rehabilitation in 1967 was causally connected to the compensable injury of July 22, 1963, and that the rehabilitation work performed in 1967 was necessary within the meaning of G. L. 1956, §28-33-5, as amended by P. L. 1963, chap. 193, sec. 1. This section provides in pertinent part:

"Medical services provided by employer—Maximum charges.—The employer shall, subject to the choice of the employee as provided in §28-33-8, promptly provide for an injured employee such reasonable medical, surgical, dental, optical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus for such period as is necessary, in order to cure, rehabilitate or relieve the employee from the effects of his injury * * *."

This established, it is petitioner's further position that he having paid for this work because of the carrier's failure to do so, petitioner is entitled to be reimbursed to the extent that respondent's carrier is liable. Although not cited in his brief, it is clear that petitioner's position looks for support to our holdings in *Redfearn* v. *Pawtuxet Valley Dyeing Co.*, 105 R. I. 81, 249 A.2d 657. In any event evidence in support of and in opposition to the instant petition was adduced before a single commissioner at several recessed hearings. It consisted of testimony by petitioner

and Dr. Fishbein, as well as a number of medical records. From such evidence, the single commissioner made seven findings of fact which were embodied in a decree denying and dismissing the petition. From this decree, petitioner appealed to the full commission which, after an independent review of the certified record, entered a final decree affirming the decree of the single commissioner. Among the findings of fact made by the single commissioner and contained in his decree is the following:

"4) That petitioner failed to prove that he sustained an injury, condition or disease to his teeth, mouth and gums on July 22, 1963."

It is fundamental, of course, that for respondent employer or its carrier to be responsible for the dental services performed by Dr. Fishbein, the burden was on petitioner to prove that the services in question were necessary to cure, rehabilitate or relieve from the effects of an injury arising out of and in the course of his employment with respondent. *Gray* v. *Kagan,* 90 R. I. 398, 158 A.2d 572.

Moreover, it is likewise elementary that if there is any legal evidence or reasonable inferences to be drawn therefrom which will support the single commissioner's finding in the first instance and that of the full commission on review, that the dental services for which the petitioner seeks recovery were not necessary to cure, rehabilitate or relieve petitioner from the effects of the July 22, 1963 work-connected injury, this court, in the absence of fraud, may not disturb such finding. *United States Rubber Co.* v. *Marino,* 97 R. I. 142, 196 A.2d 169.

The instant record discloses that neither the original nor amended preliminary agreement recites an injury to petitioner's mouth and/or teeth; that it was eleven months after the accident of July 22, 1963 that petitioner first consulted Dr. Fishbein, and although petitioner informed the doctor that he had been involved in a serious accident,

he made no mention of damage to his teeth as a result thereof. Neither is there reference to any such injury in the voluminous reports of petitioner's hospitalization. Furthermore, petitioner was also examined by some six medical doctors and surgeons. A total of 15 medical reports compiled by the latter were received in evidence and in none of them is there so much as a reference to petitioner having sustained damage to his mouth and/or teeth. In such circumstance, we are unable to agree that the full commission's affirmation of the single commissioner's finding that petitioner failed to prove any causally connected injury to his mouth or teeth constitutes reversible error.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Gladstone & Zarlenga, Bernard C. Gladstone, Robert D. MacLean,* for petitioner.

*Higgins & Slattery, John A. Baglini,* for respondent.