284 A.2d 467.

EDWARD N. JERNQUIST *vs.* UNION TOOL COMPANY.

DECEMBER 15, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is an original petition for benefits under the Workmen's Compensation Act. The full commission affirmed the trial commissioner's decree which rejected the employee's claim that he had become incapacitated as a result of a work-related injury sustained while employed by the respondent. The employee appealed.

On July 7, 1962 the employee was injured when a piece of steel chipped from a die and imbedded near the base of his left thumb. He was immediately taken to a hospital, and was advised by the examining physician that to remove the foreign body from his hand might result in a greater damage than to allow it to remain where it had lodged. Acting upon that advice he rejected surgery and returned to his regular employment on the following day. While he experienced some discomfort in his left hand and wrist for several years following his injury, it in no way interfered with his continued employment.

In April of 1969, almost seven years after the original injury, the employee slipped on a scatter rug in his home and fell backwards, landing on both of his hands. Soon thereafter he experienced pain and numbness in his left hand. When both the pain and the numbness not only continued, but increased in severity, he consulted Dr. Norman J. Cowen, a specialist in hand surgery. An operation was recommended, and on August 21, 1969 the foreign body was removed, thereby freeing the nerves which had become imbedded in scar tissue.

On September 18, 1969 the employee and respondent entered into a nonprejudicial agreement pursuant to which

respondent paid a portion of the employee's medical bills[1] and in addition paid him weekly disability benefits for the six-week period from August 19, 1969 to October 1, 1969. Soon thereafter the employee, although still claiming to be partially disabled, returned to gainful employment, but for a different employer.

At the hearing before the commission none of the foregoing matters were disputed, and the only substantial factual issue was whether or not the employee's incapacity for work was referable to the 1962 injury. On that issue, Dr. Cowen, the surgeon who operated on the employee and who rendered post-operative treatment, testified that the 1969 fall so aggravated the original injury as to incapacitate him and to make surgery necessary; and that following recovery from surgery the employee's then partial disability was attributable solely to an underlying rheumatoid condition and was completely unrelated to the 1962 injury.

On the other hand, Dr. Raymond H. Trott, an orthopedic surgeon who was first consulted by the employee on November 21, 1969, and who continued to treat him at least until April 1, 1970, disagreed with Dr. Cowen's appraisal of the situation. His opinion was based upon x-rays and tests, upon his own examination which disclosed that the employee was experiencing pain and manifesting a weakness in his left hand, and upon a case history which, while reasonably complete, did not include any reference to the 1969 fall. He agreed with Dr. Cowen that the employee, following his return to work, continued

---

[1] In *Redfearn* v. *Pawtuxet Valley Dyeing Co.*, 105 R. I. 81, 249 A.2d 657 (1969), we held that under G. L. 1956 (1968 Reenactment) §§28-33-5, 28-33-8, an employer who voluntarily enters into a nonprejudicial agreement to pay compensation to an employee for a limited period of time thereby agrees to become liable for the reasonable cost of necessary medical services rendered prior to the execution of and within the period covered by the agreement.

to be partially disabled. However, he ruled out rheumatoid arthritis as a cause. His opinion was that the disabling limitation on the employee's use of his left hand resulted from the adhesions attributable to the 1969 operation.

The foregoing are the essential facts upon which the commission could draw in determining whether or not the employee was entitled to disability benefits. In resolving that issue the trial commissioner found that the employee "would not have required medical attention, hospitalization, surgery and disability for work if he had not struck his hand on the floor when he fell at home in April of 1969." He then turned to *Pimental* v. *S. Rubin, Inc.*, 92 R. I. 346, 350, 168 A.2d 463, 465 (1961) for the controlling law. Relying on what was said in that case, he concluded that the employee was not entitled to disability benefits because he had failed to prove that his incapacity was directly and exclusively referable to the work-related 1962 injury rather than to the subsequent 1969 aggravating cause.

On appeal, the full commission, while it agreed with the result reached by the trial commissioner, was disturbed by his finding that Dr. Trott's testimony was "substantially in the same vein" as Dr. Cowen's. That judgment was obviously premised on a misconception of what Dr. Trott had said. His testimony concerning the origin of the employee's disability, rather than being consistent with that of Dr. Cowen, was at odds with it. One said that the disability was the residual of the operation to remove the imbedment; the other, that it was rheumatoid arthritis.

Ordinarily, of course, testimonial conflicts on important factual issues are to be resolved by the trial commissioner, rather than by the full commission. Unlike the full commission, he is not confined to a silent record, but has the advantage of observing the demeanor of witnesses as they

testify and of hearing what they say. Nonetheless, there are times, albeit few in number, when, because of a trial commissioner's oversight or misconception of material evidence, the full commission must resort to the record in order to determine where the preponderance of the evidence lies. *Laganiere* v. *Bonte Spinning Co.,* 103 R. I. 191, 197, 236 A.2d 256, 259 (1967). This is one of those occasions. Accordingly, the full commission, cognizant of the trial commissioner's misconception and recognizing its obligation, went to the record and found as a fact that the employee's incapacity after October 1969 was attributable to the rheumatoid disease testified to by Dr. Cowen, rather than to the 1962 injury as found by the trial commissioner, or to the 1969 surgery as testified to by Dr. Trott.[2] Absent fraud, that finding, having the support of legally competent evidence, is binding upon us. We hold, therefore, that the full commission did not err when it concluded that the employee's incapacity for work was not due to the 1962 "incident and injury."

The employee's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Edward R. Andrews,* for petitioner.

*Charles H. Anderson,* for respondent.

---

[2]The full commission's finding that the employee's disability was not due to the aggravating effect of the 1969 fall upon the 1962 injury makes it unnecessary for us to decide whether *Mondillo* v. *Ward Baking Co.,* 73 R. I. 473, 57 A.2d 447 (1948), *Pimental* v. *S. Rubin, Inc.,* 92 R. I. 346, 168 A.2d 463 (1961), and *Barber* v. *Uniroyal, Inc.,* 107 R. I. 401, 267 A.2d 697 (1970) are reconcilable; and if they are not, which controls.