318 A.2d 466.

GILBANE BUILDING COMPANY *vs.* MICKY ZORABEDIAN.

APRIL 26, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This is an employer's petition to review a preliminary agreement alleging that the respondent's incapacity for work had ended. At the time the petition was filed, the respondent was receiving total disability benefits under the terms of the preliminary agreement. The trial commissioner found that the respondent was no longer incapacitated and ordered payment of further disability benefits suspended. Thereupon the respondent appealed and after hearing, the full commission affirmed the decree of the trial commissioner and entered a decree suspending further payment of benefits to the respondent. The case is before us on the respondent's appeal from that decree.

The record discloses that respondent was employed as a carpenter's helper by petitioner, Gilbane Building Company. On December 8, 1971, while in the course of his employment, respondent sustained an injury as a result of which the parties entered into a preliminary agreement in which the injury was described as a "low back sprain", for which benefits were to be paid for the duration of total incapacity. On March 1, 1972, petitioner filed the instant petition to review alleging that respondent's incapacity for work had ended.

The petitioner, before filing the petition, requested and received permission to have respondent examined by Dr. Ralph Pike, a qualified orthopedic surgeon.

At the hearing before the trial commissioner, respondent testified that he was examined by Dr. Pike on January 31, 1972. He related that he saw Dr. Joseph Izzi, his attending physician, on February 4, 1972, and was advised to begin lifting exercises. He stated that previous to that time, he

had not been doing any lifting or exercising. The respondent further testified that he returned to Dr. Izzi on February 11, 1972, at which time he advised Dr. Izzi that a few days previously while he was lifting a flat tire from the trunk of his car, he felt the same pain in his back that he had experienced on the date of his job-related injury. He also stated that a few days later he felt pain in his left leg. The respondent related that he was required to perform heavy lifting on a daily basis in his job as a carpenter's helper.

The report of Dr. Pike, dated February 2, 1972, was admitted into evidence at the hearing before the trial commissioner. Doctor Pike testified that as of the date of the examination, it was his opinion that respondent was capable of resuming his full time regular employment as a carpenter's helper. He stated as reasons for his opinion the fact that respondent had no physical complaints and no objective physical findings of a positive nature. Doctor Pike further testified that in his opinion the back strain and the leg pain to which respondent testified were directly and causally related to the lifting of a tire by respondent. He stated that at the time of the examination on January 31, he found no evidence of any physical disability. In response to a question during cross-examination as to whether it was probable that there may have been some residual weakness to respondent's back, Dr. Pike stated that respondent did not demonstrate any such weakness.

Doctor Joseph Izzi, a qualified orthopedic surgeon, and respondent's attending physician, testified that on February 4, he had advised respondent to commence lifting exercises and that he had also told respondent that he probably would be able to resume employment in two weeks. He further testified that he saw respondent on February 11, 1972 and May 18, 1972, and examined him on the latter date. He stated that respondent had a back injury which

was directly related to the injury sustained in December 1971, while he was employed by Gilbane Construction Company. He further stated that his opinion that the present complaint of respondent was traceable to the December 1971 injury was given with knowledge of the tire incident as testified to by respondent.

The trial commissioner concluded that respondent's present incapacity was not due to the injury of December 8, 1971, but that he has recovered from same and that any incapacity he presently has is due to an intervening event, namely, the incident involving the lifting of the spare tire. He found that respondent is no longer incapacitated either totally or in part as a result of the injury of December 8, 1971. A decree was thereupon entered suspending further payment of disability benefits to respondent. The respondent filed a timely claim of appeal from the decree to the full commission.

The respondent in his appeal to the full commission contended that the trial commissioner misconceived the evidence and erroneously suspended the payment of benefits to him. The full commission weighed the evidence independently and concluded that a preponderance of the evidence did not support respondent's claim. The full commission thereupon affirmed the decree of the trial commissioner and denied and dismissed respondent's appeal. The full commission made the following findings of fact:

"1. That the respondent is no longer incapacitated either in whole or in part as a result of his injury of December 8, 1971.

2. That the respondent-employee's incapacity for work has ended.

3. That the respondent-employee has recovered from the effects of the injury, low back strain, to the extent that he is able to do all the duties required of

> him as a carpenter or a carpenter's helper for the full working week."

A decree was thereupon entered ordering suspension of further payments of compensation to respondent.

The respondent in this appeal contends that the decree of the full commission is against the law and the evidence and the fair preponderance thereof in that there was no evidence on the record to support the commission's findings that respondent is no longer incapacitated as a result of the injury of December 8, 1971, but on the contrary that the evidence is that respondent's current incapacity is due to the injury of December 8, 1971. The respondent urges that he suffered a recurrence of his work-connected injury arguing strongly that the lifting of the spare tire was nothing more than carrying out the instructions of his attending physician, Dr. Izzi, that he engage in lifting exercises before returning to work.

On this type of appeal, it is the duty of the full commission to review the entire record to satisfy itself that the decree of the trial commissioner was entered pursuant to the fair preponderance of the evidence and the applicable law. The full commission found that petitioner had sustained its burden by a preponderance of the evidence that respondent's incapacity from the work-related injury of December 8, 1971, had ceased.

We cannot disturb that finding unless the record is without evidence to support it. If there is any legal evidence upon which the full commission's decree could reasonably be based, its findings are conclusive in the absence of fraud and cannot be disturbed on appeal here. *San Antonio* v. *Al Izzi's Motor Sales, Inc.,* 110 R. I. 54, 290 A.2d 59 (1972); *Jernquist* v. *Union Tool Co.,* 109 R. I. 304, 284 A.2d 467 (1971).

The respondent argues that there is no competent evidence to support the commission's findings. We do not agree.

The testimony of Dr. Pike, based on his examination of January 31, 1972, that respondent had no physical disability and had recovered from the effects of the low back strain suffered on December 8, 1971, that he was able to return to work and perform all the duties of a carpenter's helper and that the pain to which respondent testified was causally related to the lifting of the tire is competent legal evidence sufficient to sustain the commission's findings. We consequently will not disturb those findings.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission.

Mr. Chief Justice Roberts did not participate.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan* and *Robert W. Lovegreen* of counsel, for petitioner.

*Gerald G. Norigian* and *Edward E. Dillon, Jr.,* for respondent.