337 A.2d 791.

ALFRED C. PERFETTO *vs.* FANNING & DOORLEY
CONSTRUCTION COMPANY, INC.

MAY 21, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an employee's appeal from a decree of the full Workmen's Compensation Commission affirming

the decree of the trial commissioner denying and dismissing his petition to review a preliminary agreement.

On December 2, 1964, the petitioner, while employed by the respondent as a truck driver, sustained a work-connected injury as a result of a fall while alighting from the respondent's truck. The parties entered into a preliminary agreement under which the petitioner received compensation payments for a period of total incapacity from December 3, 1964 to January 15, 1965. He returned to work for the respondent as a truck driver on January 18, 1965 and on January 21, 1965, the parties executed a compensation suspension agreement. About 2 years later the petitioner left the respondent and went to work as a truck driver and as a bulldozer operator for several other employers engaged in the heavy construction business. In 1971 he went to work for himself, renting equipment and working as a subcontractor in heavy construction work.

Sometime around the beginning of September 1971 petitioner's right leg gave way on him as he was trying to get out of bed. As a result of this incident he was seen and treated by Dr. Manoel A. Falcao, an orthopedic surgeon, who saw him for the first time on September 3, 1971. After a period of conservative treatment by Dr. Falcao, petitioner underwent surgery to his back on January 31, 1972, for the excision of a ruptured intervertebral disk and a fusion.

At the hearing before the trial commissioner, petitioner testified that in December 1964 and January 1965 he was treated by Dr. E. J. Monti for the injuries received on December 2, 1964, and that his last visit to Dr. Monti was on January 15, 1965. His main complaints at this time related to back pain and numbness in his right leg. The petitioner also testified that between January 15, 1965 and September 1, 1971, he telephoned Dr. Monti two or three times a year complaining about pain in his back and that

Dr. Monti would prescribe medication over the phone. Doctor Monti corroborated this testimony.

Doctor Falcao testified for petitioner. He stated that at the time he examined him on September 3, 1971, petitioner was totally disabled; that he remained totally disabled up to the time of the hearing; and that, according to petitioner's history, symptoms, and physical findings, it was his opinion that petitioner's condition was caused by the injury sustained in 1964.

Doctor Thomas J. Dolan, an industrial surgeon, who examined petitioner for respondent's insurance carrier on January 25, 1972, was called as a witness by respondent. On the basis of such examination and the history given him by petitioner, he stated that in his opinion there was no causal connection between the 1964 incident and any incapacity commencing in September 1971. Doctor Dolan further testified that petitioner's history suggested some intervening incident as the causative factor, with no causal relation to the 1964 injury. It is clear that in arriving at his conclusion of no causal connection between the 1964 incident and petitioner's incapacity in 1971, Dr. Dolan relied to a great extent on petitioner's work history in heavy construction from 1965 to August or September of 1971. He testified that in his opinion if petitioner had sustained a ruptured disk in 1964, he would not have been able to perform the type of work he performed in the intervening years because his condition would have become acute and disabling within a short period of time, probably within 6 months.

The trial commissioner, in his decision, stated that the time which elapsed between the injury on December 2, 1964, and the incapacity which started about September 1, 1971, negated the inference that it was the 1964 injury which caused petitioner's difficulties. He noted that petitioner worked as a truck driver and as the operator of heavy equipment, such as bulldozers and backhoes, for many employ-

ers and for himself, in the interval. He found as a fact that petitioner had failed to prove by a fair preponderance of the evidence that any incapacity for work subsequent to September 1, 1971 was due to the injury sustained on December 2, 1964. Accordingly, he denied and dismissed the petition for review, and a decree to that effect was duly entered. The petitioner appealed to the full commission.

On appeal, the full commission affirmed the decree entered by the trial commissioner, and denied and dismissed petitioner's appeal. The petitioner thereupon appealed to this court.

The issues raised by this appeal are not complicated and therefore require no extended discussion. The principal issue is whether the commission erred in finding that there was no causal connection between petitioner's 1964 injury and any incapacity subsequent to September 3, 1971.

It was incumbent on petitioner to prove that his incapacity subsequent to September 1971 was directly and exclusively referable to the 1964 injury. *Pimental* v. *S. Rubin, Inc.*, 92 R. I. 346, 350, 168 A.2d 463, 465 (1961). The evidence on the question of causation was in direct conflict and presented a square question of fact. *Mondillo* v. *Ward Baking Co.*, 73 R. I. 473, 479, 57 A.2d 447, 450 (1948). The trial commissioner accepted Dr. Dolan's expert opinion on this issue and found, as previously stated, that Dr. Dolan's opinion, together with the fact that petitioner performed heavy work without the necessity of receiving medical attention from 1965 through 1971, negated any inference that it was the 1964 injury which was responsible for petitioner's incapacity commencing in September of 1971. The full commission agreed.

In the absence of fraud, the commission's finding on the issue of causation, having the support of legally competent evidence, is binding upon us. *Jernquist* v. *Union Tool Co.*, 109 R. I. 304, 284 A.2d 467 (1971). As we have

said many times, this court does not weigh evidence in a workmen's compensation case, *Coppa* v. *M. A. Gammino Constr. Co.*, 95 R. I. 1, 182 A.2d 322 (1962), or pass on the credibility of the witnesses, *Parmentier* v. *Moore Fabric Co.*, 71 R. I. 369, 45 A.2d 876 (1946). We hold, therefore, that the full commission did not err in finding that petitioner had failed to prove by a fair preponderance of the evidence that his incapacity in 1971 was caused by or related to the 1964 incident and injury.

Under one of his reasons of appeal, petitioner contends that the commission erred in finding that the trial commissioner did not abuse his discretion in failing to appoint an impartial medical examiner. We find no merit in this contention.

Under G. L. 1956 (1968 Reenactment) §28-35-24, the commission is authorized to appoint an impartial medical examiner to examine an injured employee "[w]henever the testimony presented at any hearing indicates a dispute, or is such as to create doubt, as to the extent, nature or cause of disability or death * * *." This authority is purely discretionary. The petitioner has failed to establish that the commission abused the discretion granted under §28-35-24. Nor has petitioner established that the commission abused the discretion conferred upon it by §28-35-22, which also authorizes the appointment of an impartial medical examiner. *See Zaccaria* v. *Paragon Worsted Co.*, 96 R. I. 105, 189 A.2d 690 (1963).

We consider next petitioner's contention that the commission erred in failing to take into consideration the medical reports of Dr. Franco Erculei and Dr. David M. Barry which were part of the Roger Williams General Hospital report dated November 23, 1971 and January 28, 1972. With respect to the Roger Williams Hospital report, the commission expressly referred to it in its decision and stated

that it did not feel that the opinions of Dr. Erculei and Dr. Barry assisted petitioner materially in proving his case.

There is no basis for petitioner's argument that the commission failed to take the opinions of those doctors into consideration. An examination of the reports of Dr. Erculei and Dr. Barry shows that neither dealt with causation; they only dealt with an existing condition found in 1971 and 1972. In the circumstances we agree with the commission's finding that the opinions of Dr. Erculei and Dr. Barry did not assist petitioner materially in proving his case, namely, that the incapacity which commenced in 1971 was caused by the 1964 incident.

Finally, we consider briefly the petitioner's contention that the commission erred in refusing to reopen the case to take the testimony of Dr. Erculei and Dr. Barry or, in the alternative, to refer the case back to the trial commissioner for the purpose of taking the testimony of the two doctors. This argument is clearly without merit. The authority of the full commission to review a decree of the trial commissioner upon appeal is limited to a review upon the record as it was established at the hearing before him, and the full commission has no authority to amend or enlarge that record either by remanding it to the trial commissioner or by other procedure. *Larose* v. *Warwick Brass Foundry, Inc.*, 97 R. I. 459, 198 A.2d 668 (1964); *United States Rubber Co.* v. *Dymek*, 87 R. I. 310, 140 A.2d 507 (1958).

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Gladstone & Zarlenga, Bernard C. Gladstone*, for petitioner.

*Charles J. McGovern*, for respondent.