374 A.2d 799.

FRANCIS P. JOBIN *vs.* AMERICAN DRILLING & BORING CO., INC.

JUNE 23, 1977.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C. J. These are appeals claimed by both the petitioner-employee and the respondent-employer from a final decree of the Workmen's Compensation Commission affirming the decree of the trial commissioner. Pursuant to G.L. 1956 (1968 Reenactment) §28-33-5, as

amended by P.L. 1971, ch. 60, §1, the trial commissioner awarded weekly compensation for specialized and necessary paramedical, nursing and other related services rendered to the employee by his wife.[1]

The petitioner was employed by American Drilling & Boring Co., Inc. to drill holes in the ground for utility poles and similar objects. On March 13, 1974, he sustained a work-related injury when his drilling rod struck a power line causing a severe electrical shock. The petitioner was severely burned, and as a result, his left arm had to be amputated above the elbow, his right leg was injured, and he suffered almost total functional loss of his right arm and hand. Reconstructive surgery was performed by petitioner's physician, Dr. Michael B. Lewis, in an effort to restore some usefulness to the right arm. Doctor Lewis testified that in order to benefit from the surgery it was necessary that the joints of the remaining arm and hand be manipulated five or six times daily to keep them loose. Although not trained as a nurse or therapist, petitioner's wife was instructed by the doctor and a physical therapist in the proper method of administering the necessary therapeutic procedures. She performed these services for petitioner both in the hospital and afterward at home.

On September 4, 1974, petitioner filed a petition to review the preliminary agreement on the ground that the employer refused to pay for necessary "medical related services." After a hearing, the trial commissioner found

---

[1]General Laws 1956 (1968 Reenactment) §28-33-5, as amended by P.L. 1971, ch. 60, §1 provides in pertinent part:

"The employer shall * * * promptly provide for an injured employee such reasonable medical, surgical, dental, optical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus for such period as is necesary, in order to cure, rehabilitate or relieve the employee from the effects of his injury * * *."

"[t]hat the petitioner-employee requires specialized and necessary para-medical, nursing and other related services in order to relieve, cure and rehabilitate him from the effects of his injuries."

Based on this finding, petitioner was awarded $100 per week as compensation for his wife's services. Both parties appealed to the full commission: respondent argued that the services in question were not compensable under §28-33-5 and that the amount awarded was based on speculation; petitioner contended that the award was insufficient. The full commission affirmed the trial commissioner's findings. We agree.

## I

The employer contends that the services provided by Mrs. Jobin for her husband were of a kind ordinarily performed by one member of a family for another, and thus were not "medical" services. Relying on this court's decision in *Tirocchi* v. *United States Rubber Co.*, 101 R.I. 429, 224 A.2d 387 (1966), the employer argues that such services are not compensable under §28-33-5. In *Tirocchi* this court held that housekeeping and personal services, although necessary to relieve the employee from the effects of his injury, were not compensable under §28-33-5 because such services were not medical in nature. However, in the case at bar, the full commission affirmed the trial commissioner's specific finding that petitioner's health and rehabilitation required specialized paramedical and nursing services. Moreover, the mere fact that such services are performed by a member of the employee's family does not preclude compensation:

"Medical benefits ordinarily include not only medical and hospital services, but necessary incidentals such as transportation, apparatus, and nursing care, which may be compensable *even when supplied at home by a member of claimant's family.*" 2 Larson, *Workmen's Compensation*, §61.00 (1976). (Emphasis added.)

It is well-settled that, absent fraud, the findings of the Workmen's Compensation Commission, having the support of legally competent evidence, are binding upon the court. *Perfetto* v. *Fanning & Doorley Constr. Co.,* 114 R.I. 624, 627, 337 A.2d 791, 793 (1975); *Jernquist* v. *Union Tool Co.,* 109 R.I. 304, 308, 284 A.2d 467, 469 (1971). The attending physician testified that unless these treatments were performed the positive effects of the reconstructive surgery would be lost. The testimony further indicates that petitioner's wife had to receive special instruction and training in order to properly perform the necessary treatment. Under these circumstances we conclude that the record contains sufficient evidence to sustain the commission's findings that the services were medical in nature, and thus compensable under §28-33-5.

## II

The petitioner-employee contends that the commission's award of $100 per week was inadequate compensation for the services rendered by his wife. The testimony indicated that only a portion of Mrs. Jobin's day was spent performing these medical services for her husband. Based upon the applicable minimum hourly wage and the number of hours the petitioner's wife spent performing the described services, the commission found that $100 per week was reasonable. In light of the above-cited rule that, absent fraud, the commission's findings are conclusive where supported by legally competent evidence, we conclude that the award was reasonable.

The petitioner's and the respondent's appeals are denied and dismissed, and the decree appealed from is affirmed.

*Abatuno & Chisholm, Vincent J. Chisholm, Howard L. Feldman,* for petitioner.

*Charles J. McGovern,* for respondent.